**In re Charles and Patricia
RICHARDSON, Debtors.**

**In re Tomas VAZQUEZ, a/k/a Thomas
Vazquez and Charlotte
Vazquez, Debtors.**

Bankruptcy Nos. 80–21780, 21940.

United States Bankruptcy Court,
W. D. New York.

June 1, 1982.

Lawrence Mooney, Palmyra, N. Y., for debtors in no. 80–21780.

Warren Heilbronner, Rochester, N. Y., Chapter 7 trustee, in no. 80–21780.

Edward J. Massare, Rochester, N. Y., for debtors in no. 81–21940.

John Belluscio, Rochester, N. Y., Chapter 7 trustee in no. 81–21940.

George Reiber, Rochester, N. Y., Chapter 13 trustee, in nos. 81–21780 and 81–21940.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

Both of these matters came on to be heard under similar circumstances. Each one of these cases had been a Chapter 13 case which converted to a Chapter 7. Because of a lag in the notification of the employers, the Chapter 13 trustee's wage order continued to operate after the case had been transferred to a Chapter 7 and in both cases some money was on hand from the Chapter 13 which had not been disbursed to creditors before the conversion to Chapter 7. The Chapter 7 trustees are seeking to have this money made part of the estate.

In the *Richardson* matter, there was $1,322.13 collected during the pendency of the Chapter 13 which had not been disbursed to creditors, because of a dispute as to the amount of a claim and to which creditors monies were to be paid. In the *Richardson* case, $375 of the $1,322.13 was collected by the Chapter 13 trustee after the conversion of the case to a Chapter 7 and $947.13 prior to the conversion. In the *Vazquez* case, there was a total of $330 collected by the Chapter 13 trustee prior to the conversion to Chapter 7. This had not yet been disbursed to creditors. In each instance, the debtors wish to obtain the property. Each debtor has sufficient exemptions available to exempt the money from their estates.

The issue presented by these matters is whether upon conversion of a Chapter 13 proceeding to a Chapter 7 pursuant to 11 U.S.C. § 1307, the debtor may obtain the money withheld from salaries and not yet disbursed to creditors. In the *Richardson* case, this question applies to funds deducted from salaries by the Chapter 13 trustee after conversion and in both the *Richardson* and *Vazquez* cases, to salary deductions which remain undisbursed but paid prior to conversion. The resolution of these cases requires an analysis of many sections of the Bankruptcy Code.

In a Chapter 13 case, property of the estate is defined by 11 U.S.C. § 1306. It includes the property specified in 11 U.S.C. § 541 acquired both before and after commencement of the case and adds earnings from services performed by the debtor after the commencement of the case, but before the case is closed, dismissed or converted to a case under Chapter 7 or 11 of this title, whichever occurs first.

11 U.S.C. § 1327 provides as follows: (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor. (c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

Applying these statutory provisions of the Bankruptcy Code in the *Richardson* case, the estate consisted of the property owned by the debtor at the time he filed his petition in bankruptcy future wages and after acquired property (11 U.S.C. § 1306). The confirmation of the plan bound each creditor and the debtor to the provisions of the plan and vested all the property of the estate in the debtor except as was provided for in the plan or the order confirming the plan (11 U.S.C. § 1327). The plan and the order in the Richardson case both provided that after payment of administrative expenses, priority payments and secured claims, that the unsecured creditors would receive a pro rata share of the payments provided in the plan.

At the time of conversion from Chapter 13 to Chapter 7 (11 U.S.C. § 1307) an estate was created which became the Chapter 7 estate. At the time of the conversion, in the *Richardson* case, this property consisted of the 541 property existing at the time of the original filing, any after acquired property and wages which had been deducted up to the time of conversion. The estate did not include wages earned after the filing of the conversion order (11 U.S.C. § 541(a)(6)).

In the *Richardson* case, because the plan had been confirmed, the creditors of the debtor acquired certain rights in the earnings deducted in accordance with the plan prior to the conversion (11 U.S.C. § 1327). The interest which the creditors acquired in these earnings could be likened to the interest that a wage assignee has in the earnings of the wage assignor.

■ Since a Chapter 13 case is a purely voluntary procedure which may be abandoned by the debtor at any time (11 U.S.C.

§ 1307), the conversion of an action from Chapter 13 to Chapter 7 does not impair the debtors' rights to claim exemptions from the estate created by 11 U.S.C. 541 (see *In re Barnes*, 14 B.R. 788 (Bkrtcy.) and 11 U.S.C. 522(b)). In the *Richardson* case, the one payment received after the conversion never became part of the Chapter 13 or the Chapter 7 estate. Hence, it belongs to the debtor and he need not exempt it.

■ In the *Richardson* case, the wages received during the Chapter 13 and prior to the conversion became part of the Chapter 13 estate. The creditors of the debtor were given the interest in those wages provided by the plan and the order confirming the plan. Had those wages been paid to the creditors their interest would have vested. However, since the wages because of disputes as to claims were never paid to the creditors they became part of the Chapter 7 estate and were subject to any exemptions which the debtor had. The debtor still had exemptions available to exempt the wages which were part of the Chapter 7 estate and did so. Therefore, he is entitled to them.

■ There is a different situation in the *Vazquez* case. The *Vazquez* case was converted to a Chapter 7 prior to the confirmation of the plan and the vesting of the rights under 11 U.S.C. § 1327. The creditors never got any rights in the debtor's 1306 estate because the plan was not confirmed. When the *Vazquez* case converted, the conversion related the creation of the estate back to the original filing under Chapter 13 (11 U.S.C. § 348). The Chapter 7 estate then created consisted of only the property set forth in 11 U.S.C. §§ 541 and (a)(6) of that statute eliminates wages from the estate. Therefore, Vazquez can keep the wages which were not distributed without having to claim an exemption for them, and it is so ordered.