691 F.2d 397
 7 Collier Bankr.Cas.2d 580, 9 Bankr.Ct.Dec. 1083,
Bankr. L. Rep. P 68,870
 Carlos RESENDEZ, Jr., and Marlene Resendez, Appellants,
v.
Dwight LINDQUIST, William Westphal and J. J. Mickelson, Appellees.
 No. 81-1898.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 17, 1982.
Decided Oct. 20, 1982.
 
 Robert J. Kressel, Asst. U. S. Trustee, Minneapolis, Minn., for appellees.
 Richard G. Nadler, St. Paul, Minn., for appellants.
 Before BRIGHT, Circuit Judge, McMILLIAN, Circuit Judge, and HARRIS,* Senior District Judge.
 OREN HARRIS, Senior District Judge.
 In this action, Carlos Resendez, Jr., and Marlene Frances Resendez, appellants (debtors), bring this appeal from the order of the United States District Judge,[1] Minn., pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1334(a). The district court order affirmed the final decision and order of Bankruptcy Judge Hartley Nordin.
 The bankruptcy judge had concluded that the debtors' payments to the Chapter 13 trustee precluded the debtors under 11 U.S.C. § 522(g)(1)(A) from claiming as exempt undistributed funds turned over by the Chapter 13 trustee to the liquidation trustee. We affirm the district court's order for the reasons discussed below.
 The facts are not in dispute. The appellants filed a Chapter 13 proceeding in the United States Bankruptcy Court on January 4, 1980. The first meeting of the creditors was held on February 1, 1980, and the bankruptcy court confirmed the Chapter 13 plan on February 1, 1980. The debtors paid to the Chapter 13 trustee, J. J. Mickelson, the total sum of $1,297.45. Of this sum, the Trustee distributed to creditors the sum of $719.80 pursuant to orders of the bankruptcy court.
 
 
 1
 On August 14, 1980, the appellants converted the Chapter 13 proceeding to a Chapter 7 action, pursuant to 11 U.S.C. § 1307. On that date, the Chapter 13 trustee had $577.65 of undistributed funds. The debtors attempted to exempt these funds pursuant to 11 U.S.C. § 522(d). On August 20, 1980, United States Trustee William P. Westphal appointed Dwight J. Lindquist as interim trustee of the debtors estate. 11 U.S.C. § 15701(a). On September 9, 1980, the debtors filed an amended Schedule B-2 and claimed the undistributed funds from the Chapter 13 plan as exempt pursuant to 11 U.S.C. § 522(d)(5).
 
 
 2
 The first Chapter 7 meeting of creditors was held on September 22, 1980. Due to the failure of creditors to elect a trustee at the meeting, the interim trustee continued as the trustee. 11 U.S.C. § 702(d).
 
 
 3
 On October 3, 1980, the Chapter 7 trustee timely filed an objection to the debtors' claim that the undistributed funds from the Chapter 13 trustee were exempt. The debtors duly requested a hearing on the objection, which was held on December 12, 1980. On March 6, 1981, the bankruptcy court upheld the Chapter 7 trustee's objection and denied the debtors' claim of exempt property.
 
 
 4
 The primary issue is whether debtors who have converted a Chapter 13 proceeding with a confirmed plan to a Chapter 7 plan may thereafter exempt the funds previously paid to the Chapter 13 trustee for distribution to creditors.
 
 
 5
 The first question concerns the turnover provisions from the Chapter 13 trustee to the Chapter 7 interim trustee. The district court appropriately stated that Title 11, U.S.C. §§ 542 and 543, are the only express turnover provisions included in the new Bankruptcy Code. Section 543 applies only to property in the hands of custodians.[2] In Re Whiting Pools, Inc., 10 B.R. 755, 759 (W.D.N.Y.1981).
 
 Section 542(a) provides as applicable:
 
 6
 Except as provided in subsections (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell or lease, under Section 363 of this Title or that the Debtor may exempt under Section 522, shall deliver to the Trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.
 
 
 7
 Therefore, an entity such as Chapter 13 is required to deliver the property of the estate to the Chapter 7 trustee whenever such property is acquired by the entity, as in this case, during the bankruptcy proceeding. Thus the property of the estate in the possession of the Chapter 13 trustee, an entity, must be delivered to the Chapter 7 trustee. It is well established, "When the trustee is a liquidated case following conversion has qualified or entered upon the performance of his duties he is entitled to take possession of all the property and records of the converted Chapter 13 case." 2 Collier on Bankruptcy § 348.07 (15th Ed. 1981). As also pointed out by the district court, "Bankruptcy Rule 122 requires the former trustee or debtor in possession in the converted Chapter 13 case to, unless otherwise ordered, turn over all the property and records in his possession or subject to his control." Id.
 
 
 8
 In a Chapter 13 proceeding, transfer of property to the trustee is voluntary on the part of the debtor. It signifies the willingness of the debtor to repay the creditors. It follows that involuntary Chapter 13 cases are not authorized. It is also established that when there is a conversion, the debtors are deemed to have filed a Chapter 7 case at the time the Chapter 13 case was filed. 11 U.S.C. § 348(a).
 
 
 9
 In Re Bradley Jenison, BR. No. 80-05061 (Bankruptcy N.DAK., May 8, 1981), a similar case, the bankruptcy judge reached the same conclusion as the bankruptcy judge in this case. Since the debtor voluntarily made the payments in question to a Chapter 13 trustee for the benefit of creditors, it would be unfair to permit the monies to be now claimed as exempt under his Chapter 7 proceeding on the basis that they had not been distributed to the creditors. In other words, at this stage it would be unfair to the unsecured creditors.
 
 
 10
 Our attention has been directed to a recent case decided by the United States Bankruptcy Court (W.D.N.Y.1982), In Re Richardson, 20 B.R. 490 Debtors. Analyzing Richardson, we conclude that it is distinguishable from the present case. Richardson involved the collection of wages by debtors' employer. The trustee collected $1,322.13 during the pendency of Chapter 13 which was not distributed to creditors because of a dispute as to the amount to be paid. Due to a lag in notification of the employers, the Chapter 13 trustee's wage order continued to operate after the case had been converted to a Chapter 7. The issue was whether the debtors may be entitled to the money withheld from salaries and not yet disbursed to creditors. Thus the question involved future wages of the debtors and after-acquired property. At that stage of the proceeding it appears that the wages collected after the conversion were involuntarily paid by the debtors. The court held that the payment received by the trustee from their wages after the conversion never became a part of Chapter 13 or of the Chapter 7 estate. In this case, it is undisputed that the funds were voluntarily paid to the Chapter 13 trustee. These funds no longer belonged to the debtors, but became part of their estate.
 
 
 11
 Based upon the well-written opinion of the district judge, we affirm.
 
 BRIGHT, Circuit Judge, dissenting:
 
 12
 I dissent.
 
 
 13
 Pursuant to a Chapter 13 plan for the liquidation of debts, Carlos Resendez, Jr., and Marlene Frances Resendez (debtors) voluntarily paid $1,297.45 to a Chapter 13 trustee. The debtors subsequently converted the Chapter 13 proceedings to a Chapter 7 proceeding. At the time of the conversion, the Chapter 13 trustee had distributed only $719.80 to the debtors' Chapter 13 creditors. The Chapter 13 trustee transferred the undistributed funds ($577.65) to an interim Chapter 7 trustee. The debtors claimed the undistributed funds as exempt property under 11 U.S.C. § 522(d), but the Chapter 7 trustee objected to the exemption. The bankruptcy court denied the debtors' claim. The district court affirmed, reasoning that it would be unfair to deny the debtors' creditors monies that the debtors had voluntarily paid to the Chapter 13 trustee.
 
 
 14
 I disagree with this reasoning.
 
 
 15
 Prior to the confirmation of the Chapter 13 plan, creditors of the debtor have no rights in the creditors' estate. Confirmation, however, binds the creditors and the debtor to the provisions of the plan and vests all property of the estate in the debtor except as otherwise provided in the plan. 11 U.S.C. § 1327. The monies received by the Chapter 13 trustee from the debtors during the Chapter 13 proceeding became part of the Chapter 13 estate. The debtors' creditors acquired a nonvested interest in these monies by the plan and the order confirming the plan. A Chapter 13 creditor's interests do not vest until the monies are distributed. Because the monies here in question were not distributed, the funds became part of the Chapter 7 estate and remain subject to the debtors' exemptions. The debtors' interests in the monies have not been extinguished. This view is consistent with In re Richardson, 20 B.R. 490 (Bkrtcy.W.D.N.Y.1982), and I can see no distinction between that case and the one presently before us.
 
 
 16
 Accordingly, I would reverse the district court's judgment and hold that the debtors may claim as exempt those funds that had been paid to a Chapter 13 trustee, but which remain undistributed to creditors when the debtors converted to a Chapter 7 proceeding.
 
 
 
 *
 Oren Harris, Senior District Judge, Eastern and Western Districts of Arkansas, sitting by designation
 
 
 [1]
 The Honorable Robert G. Renner
 
 
 [2]
 The bankruptcy judge determined that the Chapter 13 trustee was a custodian." Appellants contend, and appellees concede, that the bankruptcy court erred in its determination that the Chapter 13 trustee was a custodian. The district court acknowledged the error of the bankruptcy judge but found it to be harmless. We agree