BRIGHT, Circuit Judge,
dissenting:
I dissent.
Pursuant to a Chapter 13 plan for the liquidation of debts, Carlos Resendez, Jr., and Marlene Frances Resendez (debtors) voluntarily paid $1,297.45 to a Chapter 13 trustee. The debtors subsequently converted the Chapter 13 proceedings to a Chapter 7 proceeding. At the time of the conversion, the Chapter 13 trustee had distributed only $719.80 to the debtors’ Chapter 13 creditors. The Chapter 13 trustee transferred the undistributed funds ($577.65) to an interim Chapter 7 trustee. The debtors claimed the undistributed funds as exempt property under 11 U.S.C. § 522(d), but the Chapter 7 trustee objected to the exemption. The bankruptcy court denied the debtors’ claim. The district court affirmed, reasoning that it would be unfair to deny the debtors’ creditors monies that the debtors had voluntarily paid to the Chapter 13 trustee.
I disagree with this reasoning.
Prior to the confirmation of the Chapter 13 plan, creditors of the debtor have no rights in the creditors’ estate. Confirmation, however, binds the creditors and the debtor to the provisions of the plan and vests all property of the estate in the debtor except as otherwise provided in the plan. 11 U.S.C. § 1327. The monies received by the Chapter 13 trustee from the debtors during the Chapter 13 proceeding became *400 part of the Chapter 13 estate. The debtors’ creditors acquired a nonvested interest in these monies by the plan and the order confirming the plan. A Chapter 13 credi-' tor’s interests do not vest until the monies are distributed. Because the monies here in question were not distributed, the funds became part of the Chapter 7 estate and remain subject to the debtors’ exemptions. The debtors’ interests in the monies have not been extinguished. This view is consistent with In re Richardson, 20 B.R. 490 (Bkrtcy.W.D.N.Y.1982), and I can see no distinction between that case and the one presently before us.
Accordingly, I would reverse the district court’s judgment and hold that the debtors may claim as exempt those funds that had been paid to a Chapter 13 trustee, but which remain undistributed to creditors when the debtors converted to a Chapter 7 proceeding.