**In re John W. TRACY, Debtor.**

**Bankruptcy No. 181–00377.**

United States Bankruptcy Court,
D. Maine.

March 2, 1983.

Sidney Geller, Waterville, Me., for debtor.

Jane Orbeton, Hallowell, Me., trustee.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

On December 4, 1981, the debtor filed a chapter 13 petition. The debtor's chapter 13 plan was confirmed by the Court on June 10, 1982, at which time the Court ordered the debtor's employer to deduct payments of $45 per week from the debtor's wages, and to forward same on a monthly or weekly basis to the chapter 13 trustee. On July 23, 1982, the debtor converted to a chapter 7 bankruptcy. On that date, the Court vacated the chapter 13 order for relief, entered an order for relief under chapter 7, and vacated the order directing the debtor's employer to make wage deductions. Debtor's employer forwarded two checks, each for $135, to the chapter 13 trustee which the parties have stipulated were deducted from wages earned by the debtor before July 23, 1982.

On August 23, 1982, the debtor filed a motion seeking return of the $270.00 withheld from his pre-conversion wages as exempt property. The chapter 7 trustee argues that the money in question is not property of the estate, and should be turned

**190**

over to the debtor without regard to the issue of exemption. The Court will first address the chapter 7 trustee's contention.

The definition of an "estate" for purposes of chapter 13 differs from that under chapter 7. Pursuant to 11 U.S.C. § 541(a)(1), which applies to both chapters 7 and 13, property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Earnings from services performed by an individual debtor after the commencement of the case are specifically excluded from the estate by 11 U.S.C. § 541(a)(6). However, in chapter 13 cases, 11 U.S.C. § 1306 provides, in part:

(a) Property of the estate includes, in addition to the property specified in section 541 of this title—

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title whichever occurs first; and

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title, whichever occurs first.

The trustee notes that pursuant to 11 U.S.C. § 348(a), the conversion of a case from one chapter to another "does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." Therefore, the trustee contends, for purposes of applying section 541 the commencement of the case was on December 4, 1981, the date the chapter 13 petition was filed. The trustee argues that the $270.00 she now holds is earnings from services performed by the debtor *after* the commencement of the case, and that pursuant to 11 U.S.C. § 541(a)(6), said mon-

ey is not property of the estate. *See In re Hannan,* 24 B.R. 691, 9 B.C.D. 1151, CCH Bankr.L.Rep. ¶ 68,876 (Bkrtcy.E.D.N.Y. 1982).

This court disagrees. Section 348 does not state that upon conversion a case is to be treated as if it had been *originally filed under the chapter to which it was converted.* Section 348(a) merely specifies that the date of the filing of the petition, the commencement of the case, or the order for relief are unaffected by conversion (with certain exceptions specified in section 348(b) and (c)). To state that even after conversion from chapter 13 to chapter 7 this case is to be treated as commencing on December 4, 1981 does not necessarily imply that after conversion this case must be treated as a *chapter 7* case commencing on December 4, 1981. *But see id; In re Richardson,* 20 B.R. 490, 492, 9 B.C.D. 197, 198 (Bkrtcy. D.N.Y.1982).

Treating wages earned after the filing of the chapter 13 petition but prior to conversion of the case to chapter 7 as property of the estate is consistent with the treatment under the Bankruptcy Code of claims against the debtor which arise during the same period. Such claims are generally treated as having arisen before the date of the original filing of the petition, and may be discharged. The result, for purposes of payment and discharge, is that *all* claims arising prior to the date of conversion to chapter 7 are treated as if the debtor had never filed a chapter 13 petition, but, instead, commenced his bankruptcy case by filing a chapter 7 petition *on the date of conversion. See* 11 U.S.C. §§ 348(b), (d), 727(b). Logically, those creditors would be entitled to share the debtor's property as of the same date, *i.e.,* the date of conversion to chapter 7. Treating all wages earned before the date of conversion as property of the estate helps accomplish that goal.[1]

---

1. Adopting the trustee's position would prejudice creditors whose claims arose prior to the original chapter 13 filing. The trustee would limit "property of the estate" to the assets (and proceeds therefrom) of the debtor as of the date the debtor filed his chapter 13 petition. Thus, property of the estate would be determined as if the debtor filed a chapter 7 petition on that date. If the debtor had actually filed a chapter 7 petition, then only creditors with

The $270.00 deducted by the debtor's employer from pre-conversion wages is property of the estate. Therefore, after conversion, the money was properly turned over to the chapter 7 trustee rather than to the debtor. *See In re Resendez,* 691 F.2d 397, 398, 9 B.C.D. 1083, 1084 (8th Cir.1982); Bankruptcy Rule 122(6).

The Court will not, on this record, consider whether the debtor may exempt any of the $270.00 in question. The debtor has failed to properly amend his schedules to claim such an exemption, and neither party now before the Court has argued the merits of that issue.[2]

The debtor's motion will be denied without prejudice.

Enter Order.

---

claims arising prior to that date would share in the estate. Because the debtor *converted* to chapter 7, however, creditors whose claims arose after the original chapter 13 filing, but before conversion to chapter 7, would share in the estate along with the pre-filing creditors, to the detriment of the latter. The Court agrees with the reasoning (though not the result) of *In re Hannan,* 24 B.R. at 692, 9 B.C.D. at 1152, CCH Bankr.L.Rep. ¶ 68,876 at 81,412:

> When a chapter 13 plan does not work out, the debtor has the privilege of converting to Chapter 7, and when he exercises that right, no reason of policy suggests itself why the creditors should not be put back in precisely the same position as they would have been had the debtor never sought to repay his debts by filing under Chapter 13.

2. The memorandum of law filed with the Court discusses solely the issue of whether the money is property of the estate.