**In re Carol Elaine OLIPHANT, Debtor.**

**Carol Elaine OLIPHANT, Plaintiff,**

v.

**AMARILLO PANTEX FEDERAL CREDIT UNION, Defendant.**

Bankruptcy No. 283–00112.

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

Jan. 5, 1984.

Qlo Crum, Amarillo, Tex., for plaintiff.

O.M. Calhoun, Amarillo, Tex., Trustee.

W.F. Countiss, Amarillo, Tex., for defendant Amarillo Pantex Federal Credit Union.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

On June 10, 1983, when the debtor filed her petition for order for relief under Chapter 13 of Title 11, United States Code, she was indebted to Amarillo Pantex Federal Credit Union in the principal sum of $5,231.53. On that date she had on deposit in her draft account at Amarillo Pantex Federal Credit Union the sum of $1,854.94 and in her savings account she had on deposit the sum of $39.03. After the Chapter 13 case was filed she continued to deposit monies in the account. On October 25, 1983, she filed motion to convert the case to one under Chapter 7 and an order was entered accordingly. On that date there was $3,000.95 in her drafting account and $39.03 in her savings account at Amarillo Pantex Federal Credit Union. Amarillo Pantex Federal Credit Union "froze" those accounts. The debtor brought this action for injunction, contending that the freezing of the account violated the automatic stay. At the time the account was placed in suspense the balance in the accounts at Amarillo Pantex Federal Credit Union totalled $2,562.76.

The debtor's argument that the credit union had violated the automatic stay would be more persuasive if the case was one in Chapter 11. In that event the debtor is entitled to use property of the estate, including property subject to setoff. *See* § 542(a). The holder of monies which otherwise would be subject to setoff would have the right to file complaint for modification of stay to permit it to effect the setoff and, as I ruled in another case in the Lubbock Division, it has a security interest in the monies which would prevent a debtor from using cash collateral. *In re Archer*, 34 B.R. 28 (Bkrtcy.N.D.Tex.1983). How-

ever, in this case, the estate is one in Chapter 7. The debtor contends that the monies in the account are exempt. There appears to be no issue that Amarillo Pantex Federal Credit Union cannot properly setoff monies on deposit, but the issue is as to the relevant date for determination of setoff rights.

Amarillo Pantex Federal Credit Union contends that the date of conversion from Chapter 13 to Chapter 7, when there was a total of $3,039.98 in savings and checking accounts, is the relevant date. However, the filing of the Chapter 13 case invoked the protection of Title 11 and it is my conclusion that the effective date for determination of setoff rights is the date the Chapter 13 petition was filed. Upon conversion of a Chapter 13 case to one under Chapter 7, the provisions of § 348(a) indicate that the date of entry of the original order for relief remains effective. Property which the debtor acquires subsequent to the filing of the Chapter 13 petition, but prior to conversion, is not property of the estate. The Chapter 7 estate consists of the property of the debtor which was in existence when the Chapter 13 petition was filed. *Hannan*, 24 B.R. 691 (Bkrtcy.E.D.N.Y.1982); *In re Richardson*, 20 B.R. 490 (Bkrtcy.W.D.N.Y.1982). On the date of filing of the Chapter 13 petition on June 10, 1983, in checking and savings deposits was $1,893.97. The right of Amarillo Pantex Federal Credit Union to setoff is limited to that sum.

It is, therefore, ORDERED by the Court that Amarillo Pantex Federal Credit Union be, and it is hereby, granted leave to setoff against its debt the sum of $1,893.97 from the monies of the debtor which it now holds in suspense.

It is further ORDERED by the Court that Amarillo Pantex Federal Credit Union be, and it is hereby, directed to pay over to the debtor, Carol Elain Oliphant, the balance of $668.79.

All relief not herein granted is denied.