**In re Paul A. BULLOCK a/k/a Paul Bullock, Debtor.**

**Bankruptcy No. 81–01318G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

July 26, 1984.

David M. Still, Philadelphia, Pa., for debtor, Paul A. Bullock a/k/a Paul Bullock.

Paul A. Cohen, Philadelphia, Pa., for the second mortgagee, Military Supply Federal Credit Union.

Jonathan H. Ganz, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., Trustee.

### OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The predominant issue in the action at bench is whether a debtor may compel the return of payments made to a creditor through postpetition payroll deductions from the salary of a chapter 13 debtor, when such return is sought in conjunction with a conversion of the case to a chapter 7 proceeding. For the reasons expressed below we will order the return of the payments.

The facts of this case are as follows:[1] The debtor filed a petition for the repayment of his debts under chapter 13 of the

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

Bankruptcy Code ("the Code"), on August 11, 1981, largely for the purpose of forestalling foreclosure on his home. The home was encumbered by a first mortgage held by Kirk Mortgage Company ("Kirk") and a second mortgage held by Military Supply Federal Credit Union ("Military Supply"). Since the filing of the petition the payroll deductions have been made on the debtor's salary and forwarded to Military Supply as partial payment on the debt owed to it. Several months ago Kirk successfully sought relief from the automatic stay imposed by 11 U.S.C. § 362(a) in order to foreclose its mortgage. Apparently none of the proceeds of the sheriff's sale were distributed to Military Supply. Since the debtor's primary purpose in filing for relief under chapter 13 was thwarted by the foreclosure, the debtor has moved for conversion of the case to chapter 7 and has also moved for an order directing Military Supply to return all funds it received from the debtor following the filing of the petition.

■ Prior to addressing the main issue at dispute we must adjudicate the debtor's motion to convert the case from chapter 13 to chapter 7. Under 11 U.S.C. § 1307(a) [2] the debtor may effect such a conversion at any time "without qualification." 11 U.S.C. § 1307(a); S.Rep. No. 95–989, 95th Cong., 2d Sess. 141, *reprinted in* 1978 U.S. Code Cong. & Admin.News 5787. In opposing such relief Military Supply urges that dismissal of the case is more appropriate than conversion, although it has not filed a motion requesting that relief and it has not introduced any evidence in support of its informal request. We conclude that Military Supply's position on this issue is without merit, and in light of § 1307(a) we will enter an order converting the case to chapter 7.

Although subject to certain exceptions not pertinent here, the property of a chapter 7 bankruptcy estate consists of all legal or equitable interest of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a).[3] The chapter 13 estate,

**2.** § 1307. Conversion or dismissal

(a) The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable.

(b) On request of the debtor at any time if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

(c) Except as provided in subsection (e) of this section, on request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees and charges required under chapter 123 of title 28;

(3) failure to file a plan timely under section 1321 of this title;

(4) denial of confirmation of a plan under section 1325 of this title and denial of additional time for filing another plan or a modification of a plan.

(5) material default by the debtor with respect to a term of a confirmed plan;

(6) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title; and

(7) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan.

11 U.S.C. 1307(a), (b) and (c).

**3.** § 541. Property of the estate

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsection (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

(A) under the sole, equal, or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

(3) Any interest in property that the trustee recovers under section 543, 550, 553, or 723 of this title.

(4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

in addition to containing the property specified in § 541(a), also includes, *inter alia,* the debtor's earnings from services performed by the debtor after the commencement of the case. 11 U.S.C. § 1306(a).[4] These post-petition earnings are the subject of the dispute at bench and we must decide if the funds are: (1) property of the estate which *are not* subject to the debtor's claim of exemption; (2) property of the estate which *are* subject to such exemption claims; or (3) not property of the estate to which the debtor is fully entitled regardless of any exemption claim.

We begin our analysis with 11 U.S.C. § 348 which is reproduced below.[5] Section 348(a) expresses the general rule that, "Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except

as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." Subsections 348(b) and (c), which, by the terms of § 348(a), are exceptions to the general rule of § 348(a), state that under certain sections of the Code, which are not applicable here, the date of the conversion shall be deemed the date of the order for relief rather than the date the petition was originally filed. Since the exceptions to § 348(a) state that the date of conversion shall not be the date of the original order for relief, the implication is raised that under § 348(a) an order for relief on a conversion is deemed to date back to the time of the original order for relief, which is the date of the filing of a voluntary petition. The wording of § 348(a) likewise supports this conclusion. In the case at bench § 348(b) and (c) do not apply, and

(5) An interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
(A) by bequest, devise, or inheritance;
(B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
(C) as a beneficiary of a life insurance policy or of a death benefit plan.
(6) Proceeds, product, offspring, rents, and profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.
(7) Any interest in property that the estate acquires after the commencement of the case.
11 U.S.C. § 541(a).

4. § 1306. Property of the estate
(a) Property of the estate includes, in addition to the property specified in section 541 of this title—
(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title, whichever occurs first; and
(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title, whichever occurs first.
11 U.S.C. 1306(a).

5. § 348. Effect of conversion
(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.
(b) Unless the court for cause orders otherwise, in sections 701(a), 727(a)(10), 727(b), 728(a), 728(b), 1102(a), 1110(a)(1), 1121(b), 1121(c), 1141(d)(4), 1146(2), 1146(b), 1301(a), 1305(a), and 1328(a) of this title, "the order for relief under this chapter" in a chapter to which a case has been converted under section 706, 1112, or 1307 of this title means the conversion of such case to such chapter.
(c) Sections 342 and 365(d) of this title apply in a case that has been converted under section 706, 1112, or 1307 of this title, as if the conversion order were the order for relief.
(d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112 or 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.
(e) Conversion of a case under section 706, 1112, or 1307 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion.
11 U.S.C. § 348.

since the case was converted from chapter 13 to chapter 7, under § 348(a) the case is deemed filed under chapter 7 as of the date the original petition under chapter 13 was filed. Thus, for the purpose of the issue under discussion, the case is deemed to have been filed as a chapter 7 proceeding and that portion of the debtor's postpetition wages, which were deducted from his salary, were deposited in the chapter 7 estate although they were not properly includable therein due to § 541(a). Since the deducted wages were not part of the chapter 7 estate, the debtor is entitled to recover such wages in full without regard to his exemption claim. No exemption is needed for the debtor to claim the funds since exemptions only serve to secure for the debtor property which is part of the estate and such exemptions have no relation to property which is not includable in the estate. The return of the funds from Military Supply to the debtor is successfully predicated on a common law action of money erroneously paid or possibly on §§ 522(h) and 549.

The case law in this area is split but we will review it and attempt to reconcile it. In each of the cases outlined below a petition under chapter 13 was filed by the debtor, a portion of the debtor's postpetition salary was deducted and remitted to the trustee or a creditor, and the case was subsequently converted to a chapter 7 proceeding at which time the debtor sought a return of the previously deducted portion of his postpetition wages. In *Hannan v. Kirschenbaum (In re Hannan)*, 24 B.R. 691 (Bankr.E.D.N.Y.1982), the court, using an analysis of § 348 similar to that used above by us, held that the debtor was entitled to the postpetition wages. The court apparently awarded the debtor the funds without regard to the debtor's exemption claim and thus the result in *Hannan* is identical to that reached by us.

In another case, *In re Richardson*, 20 B.R. 490 (Bankr.W.D.N.Y.1982), the court held that under § 348(a) the conversion related back to the filing of the original petition and concluded that postpetition wages were not property of the estate. Without analysis, the court then inexplicably limited the debtor's right to receive the withheld wages to the amount of his exemption claim. We believe the court thus erred in failing to realize what we stated above, which is that an exemption claim is only applicable when the property sought by the debtor is property of the estate.

Contrary to *Hannan* and *Richardson*, another court has held that under § 348(a) the conversion does not relate back to the filing of the original petition and thus the postpetition wages are property of the estate and are claimable by the debtor only to the extent of his exemptions. *In re Tracy*, 28 B.R. 189 (Bankr.D.Me.1983). In *In re Stinson*, 27 B.R. 18 (Bankr.D.Ore.1982), the court discusses § 348(a) but concluded on the basis of § 348(d) that the conversion does not relate back to the filing of the original petition. Section 348(d) states that claims arising "after the order for relief but before conversion in a case that is converted under section 1112 or 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition." The court in *Tracy* feared that if it construed § 348(a) as we have, a debtor who commenced a chapter 13 case on a given day and later converted it would be entitled to all wages earned between the filing and the conversion although the claims arising during that period would generally be dischargeable as general unsecured creditors. If, instead, the debtor had initially filed a chapter 7 petition on that given day, debts subsequently incurred would not be dischargeable. On the basis of policy rather than statutory construction, the court in *Tracy* linked the enhanced effect of discharges produced when a chapter 13 proceeding is converted to chapter 7, with the augmented chapter 13 estate. We believe that the clear dictates of § 348(a) must prevail over the dubious policy grounds advanced under § 348(d). In addition, the fears of abuse of the bankruptcy court system expressed in *Tracy* are largely offset by the exception of § 503(b) which is contained in § 348(d). Under § 503(b) all administrative claims are accorded priority

treatment and must be paid prior to general unsecured claims. These priority obligations may easily constitute the bulk of the claims that arise between the filing of the chapter 13 petition and the conversion.

The only appellate court decision brought to our attention is *Resendez v. Lindquist*, 691 F.2d 397 (8th Cir.1982), in which two members of the court joined to hold that due to the voluntary nature of the debtor's salary deductions made to the trustee, the debtor had no right to claim such postpetition wages, and such funds were apparently not properly subject to an exemption claim. According to the court, its decision was based on points advanced by the courts below. One such point was that 11 U.S.C. § 522(g)(1)(A) [6] bars the debtor from exempting property which the trustee recovers if the original transfer was voluntarily made by the debtor. The Circuit Court failed to note that § 522(g)(1)(A) is not applicable by its terms since the debtor's wages in the trustee's hands were not recovered by the trustee under §§ 510(c)(2), 542, 543, 550, 551 or 553. Alternatively, § 522(g)(1)(A) only bars the debtor from claiming an exemption. If, as we have held, the property is not property of the estate, then the debtor need not assert an exemption to claim it, and thus § 522(g)(1)(A) presents no bar to the debtor under the facts of *Resendez* or the case at bench. The dissent in *Resendez* would have allowed the debtor to claim the funds to the extent of his exemptions. *Resendez* was followed by the bankruptcy court in *In re Giambitti*, 27 B.R. 492 (Bankr.D.Or. 1983), and the points we raised in scrutinizing *Resendez* are likewise applicable to it.

The last case we have uncovered is *In re Wanderlich*, 36 B.R. 710 (Bankr.W.D.N.Y. 1984), which held that the deducted postpetition wages were property of the estate which could be claimed by the debtor to the extent of his exemptions. The court reaches this conclusion by detailing innumerable provisions of the Code in an effort to analyze "the consequences of conversion, dismissal and closing" of bankruptcy cases. 36 B.R. at 713. As best as we may educe, the fatal flaw of this opinion occurs when the court concludes, that, "[B]y its very terms [§ 348(a)] does not purport to alter or modify the provisions or applicability of sections 541 and 1306." As we noted above, due to § 348(a), on conversion of a case from chapter 13 to chapter 7 the case is deemed commenced as of the date of the original petition as a chapter 7 proceeding and consequently, the chapter 13 estate, as defined by § 1306, is deemed never to have existed. Thus, we find *Wanderlich* unpersuasive and since we believe that the reasoning and conclusion of each of the cases analyzed above is flawed to some extent, with the exception of *Hannan*, we will follow that case.

---

6.    (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
(B) the debtor did not conceal such property; or
(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.
11 U.S.C. § 522(g).