JAMESON, District Judge,
concurring in part and dissenting in part:
I agree that the $50.59 received by the Trustee after dismissal of the first Chapter 13 case belonged to the Nashes and should not have been distributed to the Credit Union. I concur in the majority opinion reversing this portion of the judgment. I would affirm, however, the holding of the bankruptcy court, affirmed by the district court, granting summary judgment for the Trustee and Credit Union, with respect to the $907.14 received by the Trustee before dismissal of the first Chapter 13 case.
We are presented with the question of whether Chapter 13 debtors can claim moneys paid to the Trustee pursuant to the order confirming the debtors’ first Chapter 13 plan, but not distributed by the Trustee when the first Chapter 13 case is dismissed. In upholding the payment to the Credit Union, the bankruptcy court relied heavily on Resendez v. Lindquist, 691 F.2d 397 (8th Cir.1982) and In re Giambitti, 27 Bankr. 492 (Bankr.D.Ore.1983).
In Resendez the court held that debtors who have converted a Chapter 13 proceeding into a Chapter 7 plan may not claim as exempt undistributed paid to the Chapter *1416 13 trastee, since “[t]hese funds no longer belonged to the debtors but became part of their estate.” The court found that it “would be unfair to permit the moneys to be now claimed as exempt under his Chapter 7 proceeding on the basis that they had not been distributed to the creditors.” Re-sendez, 691 F.2d at 399.
In re Giambitti also involved funds in the possession of the Trustee when the debtor converted to a Chapter 7 plan. The court concluded:
In view of the § 1327 which makes a confirmed plan binding on the debtor as well as the creditors, and § 1307 which permits the debtor as well at any time to dismiss the case or convert it to chapter 7, it would be unfair to permit the debtor to claim as exempt funds which the debt- or has voluntarily committed to the plan.
27 Bankr. at 493.
It is true, as the majority opinion states, that both Resendez and Giambitti involved conversion to a Chapter 7 plan rather than a dismissal. The bankruptcy court, however, concluded that the same reasoning applied to a dismissal, holding that it would be unfair to creditors to allow the debtors to have the benefits of Chapter 13 and then exempt plan funds already in the Trustee’s possession when they dismiss and file a new Chapter 13 petition. I agree.
The majority opinion recognizes the potential inequity to creditors who may suffer losses at the hands of debtors who abuse the multiple filing opportunities provided by Chapter 13, but concludes that the court is constrained by the express language of the Bankruptcy Code. 11 U.S.C. § 349, relating to the “Effect of Dismissal,” provides in subsection b(3) that a dismissal “revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case____” The majority opinion concludes that the $907.14 paid to the Trustee revested in the Nashes upon dismissal of the first Chapter 13 case.
The purpose of subsection (b) of § 349 is stated in the Historical and Revision notes: “The basic purpose of the subsection is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case.” Notes of Committee on the Judiciary, Senate Report No. 93-589, U.S.Code Cong. & Admin.News 1978, 5835. We are not concerned here, however, with property in the possession of the debtors when the first Chapter 13 ease was commenced, but rather with moneys earned by the debtor subsequent to the filing of the case and voluntarily paid to the Trustee for the benefit of the creditor, pursuant to a plan confirmed by the court.
Black’s Law Dictionary defines vested as: “Having the character or given the rights of absolute ownership; not contingent; not subject to the defeated by a condition precedent.” 1401 (rev. 5th ed. 1979). The $907.14 at issue is money paid out of Nash’s wages to the Trustee pursuant to the Nashes’ Chapter 13 plan. Nash’s interest vested in his wages as he performed the services which were a condition precedent to payment by his employer. His interest in his wages had not, in my opinion, vested “before the commencement of the case.”
Nash gave up any claim to the money when, pursuant to the confirmed plan, it was paid to the Trustee for the benefit of the Credit Union. This conclusion is supported by 11 U.S.C. § 1326 which imposes a duty on the Trustee to “make payments to creditors under the plan.” Upon receipt of moneys paid pursuant to the plan the Trustee has a duty to distribute the money according to the plan. Even after the plan is dismissed the Trustee continues to have a duty to distribute the funds received before dismissal.
I would affirm the summary judgment in favor of the Trustee and Credit Union with respect to the $907.14 received by the Trustee prior to dismissal.