**In re Sue C. GILLEN, Debtor.**

**Sue C. GILLEN, Plaintiff,**

v.

**BANKERS MORTGAGE CORPORATION, Defendant.**

Bankruptcy No. 84–01519G.
Adv. No. 85–0616G.

United States Bankruptcy Court,
E.D. Pennsylvania.

March 27, 1986.

Gary M. Perkiss, Pozzuolo & Perkiss, Philadelphia, Pa., for debtor/plaintiff, Sue C. Gillen.

Gary E. McCafferty, Philadelphia, Pa., for defendant, Bankers Mortg. Corp.

Samuel M. Brodsky, Philadelphia, Pa., Trustee.

OPINION

EMIL F. GOLDHABER, Chief Judge:

As the vortex of the dispute in this case, the issue is whether payments to a creditor under a chapter 13 plan which is funded by postpetition wages, may be recovered by the debtor after conversion of the case to chapter 7. For the reasons stated herein, we conclude that the payments may be recovered.

The facts of this case are as follows:[1] The debtor borrowed funds from Bankers Mortgage Corporation ("Bankers") in exchange for which the debtor granted it a mortgage on her residence. She fell in default on the loan and Bankers commenced foreclosure proceedings on the mortgage. The debtor then filed a petition for the repayment of her debts under chapter 13 of the Bankruptcy Code ("the Code"). The repayment plan provided for the repayment of all arrearages under the mortgage and the payment of 100% of all prepetition debts. Current payments on the mortgage were to be paid "outside the plan." Under this repayment plan $2,203.65 was deducted from the debtor's postpetition salary under a wage order, $1,973.25 of which was paid to Bankers. The debtor ultimately fell in default on her current mortgage payments and, consequently, Bankers moved for relief from the automatic stay to enable it to foreclose on the mortgage. Shortly thereafter, the debtor converted the case to a chapter 7 proceeding and abandoned her home to Bankers.

The debtor commenced the instant action to recover the $1,973.25 paid to Bankers under the chapter 13 plan. The basis of the requested relief is that, while postpetition wages are property of a chapter 13 estate, they cease having that character on conversion of a chapter 13 case to chapter

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

7. Counsel for both sides assert that there is no governing case law in this district on the issue. We enlighten counsel with our decision in *In Re Bullock*, 41 B.R. 637 (Bankr.E.D.Pa.1984). On the basis of the reasoning expressed in that case, which case is essentially identical to the case at bench, we will enter judgment in favor of the debtor and against Bankers in the amount of $1,973.25.