**In re Richard & Ruby SHATTUCK, Debtors.**

**Bankruptcy No. 84–359.**

United States Bankruptcy Court, D. New Hampshire.

July 2, 1986.

Terrie Harman, Portsmouth, N.H., for debtors.

David Nickless, Fitchburg, Mass., Chapter 7 trustee.

Nancy Michels, Londonderry, N.H., Chapter 13 trustee.

## MEMORANDUM OPINION AND ORDER

JAMES E. YACOS, Bankruptcy Judge.

This case was heard before the court on the debtors' Motion to Vacate Order filed herein March 13, 1986. This motion relates to an order entered by this court directing the Chapter 13 trustee to turnover to the Chapter 7 trustee funds paid in by the debtors under their aborted attempt to achieve a successful Chapter 13 plan for their creditors.

The debtors filed their original Chapter 13 petition on September 11, 1984. During the course of the Chapter 13 stage of this bankruptcy proceeding the debtors made payments totalling $800.00 to the Chapter 13 trustee in anticipation of achieving a confirmed Chapter 13 plan. The plan effort failed, however, and on December 5, 1985 this court, upon the consent of the debtors, entered an order converting these proceedings to a Chapter 7 liquidation proceeding. Thereafter, on March 4, 1986, the court entered an order directing the Chapter 13 trustee to turnover the collected funds to the Chapter 7 trustee.

The debtors by their present motion argue that pursuant to § 541 of the Bankruptcy Code the "property of the estate" comprising this bankruptcy estate includes only assets that existed as of the original filing date of September 11, 1984. They also rely on the "relation back" effect of § 348(a) of the Code which provides that a conversion from one chapter to another chapter under the bankruptcy laws "does not effect a change in the date of the filing of the petition, the commencement of the case or the order for relief." The Chapter 13 trustee and the Chapter 7 trustee argue, to the contrary, that § 1306(a) of the Bankruptcy Code provides a specialized "property of the estate" definition that specifically *includes* property acquired by the debtors "after the commencement of the case but before the case is closed, dismissed or converted to a case under Chapter 7 or 11 of this title...."

There is no obvious way to reconcile the conflicting statutory language quoted above. The legislative history likewise is of little help. The only reported decisions to date are in accord with the debtors' position on this conflict. See, *In re Hannan*, 24 B.R. 691 (Bankr.E.D.N.Y.1982); *In re Richardson*, 20 B.R. 490 (Bankr.W.D.N.Y.1982); *In re McFadden*, 37 B.R. 520 (Bankr.M.D.Pa.1984).

After reviewing the cited decisions, I conclude that the analysis and consideration of the policies of the bankruptcy laws set forth by Judge Gotz in the case of *In re*

*Hannan,* supra, is persuasive. It is certainly in the public interest to encourage good faith efforts by debtors to try to repay their debts through a Chapter 13 plan. When that effort fails, it would not be fair to penalize them by disposing of monies which clearly would have been "after-acquired assets" had they simply chosen to file a liquidating Chapter 7 petition in the first instance. If they had done that, their creditors and any Chapter 7 trustee obviously would have had no rights to such funds under § 541 of the Bankruptcy Code.

In accordance with the foregoing it is hereby

ORDERED ADJUDGED and DECREED as follows:

1. The Chapter 13 trustee and/or the Chapter 7 trustee appointed in these proceedings shall turnover to the debtors the $800.00 paid in by the debtors prior to the conversion of these proceedings, less a sum to reasonably compensate the Chapter 13 trustee for her efforts prior to the conversion.

2. If the debtors and the Chapter 13 trustee can agree on a stipulated sum to be submitted to the court for allowance pursuant to the preceding paragraph, the court will consider the same ex parte and enter its order accordingly after reviewing the file in this case.

3. If the debtors and the Chapter 13 trustee cannot agree upon an amount to be recommended to the court, as set forth above, the Chapter 13 trustee may set down a further hearing on her motion for allowance of fees and costs.