**In re Sue C. GILLEN, Debtor.**

**Sue C. GILLEN, Plaintiff,**

v.

**BANKERS MORTGAGE CORPORATION.**

**Civ. A. No. 86–4226.**

United States District Court, E.D. Pennsylvania.

Dec. 31, 1986.

Gary M. Perkiss, Philadelphia, Pa., for plaintiff.

Gary E. McCafferty, Philadelphia, Pa., for defendant.

MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This is an appeal from the bankruptcy court which entered judgment in favor of the debtor, Sue C. Gillen, and against Bankers Mortgage Corporation ("Bankers") in the amount of $1,973.25. This Court has jurisdiction to hear the appeal under 28 U.S.C. § 158(a).

Sue C. Gillen filed a bankruptcy petition under Chapter 13, 11 U.S.C. § 1301 *et seq.*, in the United States Bankruptcy Court for the Eastern District of Pennsylvania on May 10, 1984. The Chapter 13 petition was filed after the commencement of a mortgage foreclosure proceeding by Bankers on Gillen's residence. The Chapter 13 plan filed by Gillen provided *inter alia* for payment of all arrearages due Bankers. All current payments on the mortgage were to be paid "outside of the plan." On August 21, 1984 the Chapter 13 plan was confirmed by the Bankruptcy Court. Under the plan, $2,203.65 was deducted from Gillen's post-petition salary under a wage order, $1,973.25 of which was paid to Bankers. Gillen was unable to continue making the current mortgage payments outside the plan and fell in default. Bankers then moved for relief from the automatic stay, 11 U.S.C. § 362, to enable it to foreclose the mortgage on the Gillen residence. Subsequently, on April 19, 1985, Gillen converted the action to a Chapter 7 proceeding and abandoned her residence to Bankers. Gillen thereafter filed a complaint seeking to recover the $1,973.25 paid to Bankers under the Chapter 13 plan. On March 27, 1986, Chief Bankruptcy Judge Emil F. Goldhaber granted relief in favor of Gillen. As Chief Bankruptcy Judge Goldhaber stated in his March 27, 1986 opinion:

> The basis of the requested relief is that, while postpetition wages are property of a Chapter 13 estate, they cease having that character on conversion of a Chapter 13 case to Chapter 7.... On the basis of the reasoning expressed in [*In re Bullock,* 41 B.R. 637 (Bankr.E.D.Pa. 1984) ], which case is essentially identical

to the case at bench, we will enter judgment in favor of the debtor and against Bankers in the amount of $1,973.25.

*In re Gillen,* 58 B.R. 546, 546–47 (Bankr.E.D.Pa.1986). On June 12, 1986, Chief Bankruptcy Judge Goldhaber denied Bankers' motion for reconsideration and this appeal followed.

■ Bankruptcy Rule 8013 provides:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

11 U.S.C. (1984). The clearly erroneous standard, however, does not apply to conclusions of law, and this Court must make an independent determination as to questions of law. *In re Philadelphia Athletic Club, Inc.,* 20 B.R. 328 (E.D.Pa.1982); *In re Hollock,* 1 B.R. 212, 215 (M.D.Pa.1979).

■ The parties are in agreement that the issue presented on appeal is whether a debtor may recover funds paid to a secured creditor under a confirmed Chapter 13 plan pursuant to a wage attachment order upon conversion of a Chapter 13 case to a Chapter 7 case. Bankers does not dispute the bankruptcy court's findings of fact but asserts that the Court erred in applying the applicable law.

As heretofore pointed out, the bankruptcy court relied on its earlier decision *In re Bullock* to support its judgment. In *Bullock,* Judge Goldhaber determined that when a case is converted from Chapter 13 to Chapter 7, it is deemed to have been filed as of the date the original petition under Chapter 13 was filed, and the Chapter 13 estate is deemed never to have existed. 41 B.R. at 640–41. Noting that a debtor's earnings from services performed by the debtor after the commencement of the case (i.e. post-petition wages) are included in a Chapter 13 bankruptcy estate,

**257**

11 U.S.C. § 1306(b) but not in a Chapter 7 bankruptcy estate, 11 U.S.C. § 541(a), the *Bullock* court reasoned:

[t]hat portion of the debtor's post-petition wages, which were deducted from his salary, were deposited in the Chapter 7 estate although they were not properly includable therein due to § 541(a). Since the deducted wages were not part of the Chapter 7 estate, the debtor is entitled to recover such wages in full without regard to the exemption claim.

41 B.R. at 640. This Court has determined that under the reasoning in *Bullock* and its application to the facts of the instant case, the judgment will be affirmed.

Although there appears to be a diversity of opinion throughout the bankruptcy courts, the better reasoning is provided by Judge Goldhaber in the *Bullock* opinion wherein he points out that upon conversion from Chapter 13 to Chapter 7, the date of the original filing controls the determination of the bankrupt estate's property. *See In re Lepper*, 58 B.R. 896, 899 (Bankr.D. Md.1986) (collecting cases) and *In Re Lennon*, 65 B.R. 130 (Bankr.N.D.Ga.1986) (collecting cases). Also, as *Bullock* points out, it is clear that post-petition wages are not part of a Chapter 7 bankruptcy estate pursuant to 11 U.S.C. § 541(a), which provides, in part:

The commencement of a case under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located: ... all legal or equitable interests of the debtor in property *as of the commencement of the case.*

11 U.S.C. § 541(a)(1) (emphasis added). *See Matter of Hellums*, 772 F.2d 379, 387 (7th Cir.1985). Several recent bankruptcy decisions follow the reasoning of *Bullock* and hold that payroll deductions paid into a Chapter 13 estate are not part of the estate upon conversion to Chapter 7, since the debtor did not acquire an interest in the wages until after commencement of the bankruptcy action. *In re Lepper*, 58 B.R. 896, 898 (Bankr.D.Md.1986); *In re Peters*, 44 B.R. 68, 70 (Bankr.M.D.Tenn.1984); *In re Bullock*, 41 B.R. 637 640 (Bankr.E.D.Pa. 1984). *See also In re McFadden*, 37 B.R. 520, 522 (Bankr.M.D.Pa.1984) (wages earned after commencement of case and paid to Chapter 13 trustee are not property of Chapter 7 bankruptcy estate); *In re Lennon*, 65 B.R. 130, 137–38 (Bankr.N.D. Ga.1986) (undistributed payments by debtor to Chapter 13 trustee never become part of converted Chapter 7 case). *Cf. Resendez v. Lindquist*, 691 F.2d 397 (8th Cir. 1982).

The Court has, therefore, determined that the bankruptcy court's findings of fact are not clearly erroneous and there is no error in its conclusions of law.