**In re Nelson O. RUTENBECK, Debtor.**

**Bankruptcy No. 86–02946.**

United States Bankruptcy Court,
E.D. Wisconsin.

Nov. 2, 1987.

Floyd A. Harris, Milwaukee, Wis., Chapter 7 trustee.

Raymond Burczyk, Racine, Wis., Chapter 13 trustee.

Fred L. Bardenwerper, Milwaukee, Wis., for debtor.

## DECISION

D.E. IHLENFELDT, Bankruptcy Judge.

This case was commenced under chapter 13 of the Bankruptcy Code on August 13, 1986 and converted to a case under chapter 7 on October 17, 1986. At the time of the conversion, the chapter 13 trustee was holding the sum of $561.80 which had been paid to him by the debtor and not yet distributed to creditors inasmuch as the debtor's plan had not been confirmed. Following conversion, the money was paid to the chapter 7 trustee, and the debtor claimed it exempt. The chapter 7 trustee has objected to the debtor's claim of exemption.

In circumstances such as this, some courts have said that the money should be turned over to the chapter 7 trustee and that the debtor may not claim it exempt.[1] Others have ordered the money turned over to the chapter 7 trustee and then permitted the debtor to claim it exempt.[2] Still others have ruled that it must be turned over to the debtor without any need for the debtor to claim it exempt.[3]

Whether or not there is a confirmed plan ought to be the first consideration in these situations. The provisions of a confirmed plan are binding on each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, accepted, or rejected the plan. § 1327(a) of the Code. In many and maybe most of the chapter 13 cases in this court, cash payments through the trustee pursuant to the plan represent the *only* "adequate protection" provided for creditors with secured claims. Use of the collateral by the debtor is justified on the ground that the cash payments furnish "adequate protection" to those creditors, and motions by secured claimants to lift the automatic stay of § 362(a) for lack of adequate protection have been and will be denied in that the claimants have been provided adequate protection by way of cash payments through the trustee.

Delay in distribution of funds by the chapter 13 trustee following confirmation is not uncommon and can be caused for any number of reasons, none of which is the fault of the debtor. A secured creditor will not be given relief from stay, nor any creditor, secured or unsecured, relief under § 1307(c), where the debtor has been making payments to the trustee in accordance with a confirmed plan, and the creditor's sole complaint is that the trustee has been slow in paying out to the creditor.

Giving the undistributed funds, upon dismissal or conversion, to someone other than the creditors provided for by the plan would be unfair to those creditors, and particularly to the secured creditors who have been promised these funds and who have relied on them for the protection afforded them under § 361(1) of the Code. Accordingly, where a chapter 13 trustee is holding funds paid by the debtor in accordance with a confirmed plan, and the case is dismissed or converted to another chapter, the undistributed funds ought to be treated as trust funds for the benefit of the creditors under the confirmed plan and distributed to those creditors in accordance with the terms of the plan.

1. Confirmed plan: *Resendez v. Lindquist,* 691 F.2d 397 (8th Cir.1982) (Bright, J., dissenting); *In re Giambitti,* 27 B.R. 492 (Bankr.Or.1983); *In re Kao,* 52 B.R. 452 (Bankr.Or.1985) (exemption issue not discussed).

2. Confirmed plan: *In re Richardson,* 20 B.R. 490, 9 B.C.D. 197 (Bankr.W.D.N.Y.1982); *In re Tracy,* 28 B.R. 189, 10 B.C.D. 541 (Bankr.Me. 1983) (exemption issue not reached, as debtor did not claim funds exempt).
No confirmation: *In re Wanderlich,* 36 B.R. 710 (Bankr.W.D.N.Y.1984).

3. Confirmed plan: *In re Luna,* 73 B.R. 999 (N.D. Ill.1987); *In re Nash,* 765 F.2d 1410 (9th Cir. 1985) (Jameson, J., dissenting); *In re Bullock,* 41 B.R. 637 (Bankr.E.D.Pa.1984) (ch. 13 case filed 8/11/81; on 7/26/84, creditor ordered to *pay back* to the debtor monies which it had been paid pursuant to a confirmed plan!); *In re McFadden,* 37 B.R. 520 (Bankr.M.D.Pa.1984); *In re Peters,* 44 B.R. 68 (Bankr.M.D.Tenn.1984). No confirmation: *In re Richardson,* 20 B.R. 490, 9 B.C.D. 197 (Bankr.W.D.N.Y.1982); *In re Shattuck,* 62 B.R. 14 (Bankr.N.H.1986).

Congress has now provided for exactly such treatment in the Bankruptcy Amendments and Federal Judgeship Act of 1984, Public Law No. 98–353, enacted 7/10/84. The 1984 law inserted the following new subsection (a) in Section 1326 of the Bankruptcy Code:

§ 1326. Payments.

(a)(1) Unless the court orders otherwise, the debtor shall commence making the payments proposed by a plan within 30 days after the plan is filed.

(2) A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. If a plan is not confirmed, the trustee shall return any such payments to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title.

In this case, the plan was not confirmed. Section 1326(a)(2) directs the trustee in such event to return the debtor's payments to the debtor. A question may perhaps be raised in a case converted to chapter 7, despite the language of the statute, as to whether the debtor must claim the funds exempt in order to keep them out of the hands of the successor chapter 7 trustee.

As is true in this case, ordinarily when the debtor's plan is not confirmed the time between the date of filing and the date of conversion will be brief, and the amount of money held by the trustee relatively small, and there are strong policy reasons for returning the money to the debtor regardless of any exemption claim. *In re Lennon,* 65 B.R. 130 (Bankr.N.D.Ga.1986); *In re Shattuck,* 62 B.R. 14 (Bankr.N.H.1986). Since this debtor is entitled to claim and has claimed the funds exempt under §§ 522(d)(1) and (5) of the Code, the court need not rule in that respect. An order will be entered directing the trustee to pay these funds to the debtor.