**In re Willie Lee MILLEDGE, SSN: 256–88–4486, Ruth Ann Milledge, SSN: 259–04–5969, Debtors.**

**Bankruptcy No. 86–20112–AMER.**

United States Bankruptcy Court, M.D. Georgia, Albany/Americus Division.

Dec. 19, 1988.

---

3. 11 U.S.C.A. § 101(4) (West 1979). 11 U.S.C.A. § 102(2) (West 1979).

4. 11 U.S.C.A. § 524(a)(2) (West Supp.1988).

5. 11 U.S.C.A. § 362(d) (West Supp.1988).

T. Lee Bishop, Jr., Albany, Ga., for debtors.

Camille Hope, Macon, Ga., Chapter 13 Trustee.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On November 1, 1988, a hearing was held on the Debtors' objection to the Trustee's motion for authority to disburse funds on a converted case. After hearing argument of counsel, the court invited letter briefs on the issue of whether or not undistributed payments held by the Trustee upon conversion from a Chapter 13 to Chapter 7 should be turned over to the debtor. No response was filed by the Trustee. The court after consideration of the Debtors' letter brief, now renders this Memorandum Opinion.

The Debtors filed a petition for relief under Title 11 of the United States Code, Chapter 13 on May 20, 1986. The court confirmed their Chapter 13 plan on August 7, 1986. Under the plan, the Debtors proposed to pay $69.50 per week for approximately 2 years and 7 months with 100 per cent distribution to unsecured creditors. After an unsuccessful period of rehabilitation and upon motion of the Debtors, the case was converted to Chapter 7 on August 10, 1988.

The Debtors' position is that after the conversion of their case from Chapter 13 to Chapter 7, the remaining undistributed funds on hand as of the date of conversion are exempt and due to be paid to the Debtors. The Debtors cite as authority for their position *In re Luna,* 73 B.R. 999 (N.D.Ill.1987). The court in *Luna* found the creditors' right to payment under the Chapter 13 plan was not vested at time of confirmation but rather at time of distribution. *Id.* at 1002. *Luna* relied on 11 U.S.C.A. § 348(e)[1] as statutory authority for its position that the Trustee was precluded from taking any action with respect to the undistributed funds after conversion. The Debtors maintain that 11 U.S.C.A. § 1327(b)[2] is further support for their position that confirmation of a plan vests all of the property of the estate in the Debtors.

Nevertheless, the court is persuaded by the reasoning in *In re Lennon,* 65 B.R. 130 (Bankr.N.D.Ga.1986).[3] The issue in *Lennon* involved the proper disposition of undistributed payments held by the trustee upon conversion from Chapter 13 to Chapter 7. Although *Lennon* involved a debtor with an unconfirmed Chapter 13 plan who subsequently converted to Chapter 7 and whose case was filed prior to the 1984 Bankruptcy Amendments and Federal Judgeship Act,[4] the court made an extensive analysis on the effect of conversion on Chapter 13 cases distinguishing among Chapter 13 cases filed prior and subse-

---

1. 11 U.S.C.A. § 348(e) (West 1979 & Supp.1988). ...(e) Conversion of a case under section 706, 1112, 1307, or 1208 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion.

2. 11 U.S.C.A. § 1327(b) (West 1979). ...(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

3. *See also In re Waugh,* 82 B.R. 394 (Bankr.W.D. Pa.1988); *In re Burns,* 90 B.R. 301, 3(CCH) para. 72,424 (Bankr.S.D.Ohio 1988); *In re Redick,* 81 B.R. 881 (Bankr.E.D.Mich.1987).

4. Pub.L. No. 98–353, § 553(a), 98 Stat. 333, 392.

quent to the effective date of the Act with confirmed and unconfirmed plans.

In following *Lennon*, this instant case falls into the category of a Chapter 13 case with a confirmed plan filed subsequent to the effective date of the 1984 Amendments. As to this particular fact pattern, the court in *Lennon* concluded:

> ... In chapter 13 cases filed after the effective date of the 1984 Amendments, Section 1326(a)(2) mandates if a plan is confirmed, the Chapter 13 trustee shall disburse any payments pursuant to the plan to the creditors provided for by the plan. Creditors' interests in such payments vest when each payment is made and, upon conversion of the case to Chapter 7, any undistributed payments never become property of the converted Chapter 7 estate but must be disbursed to the creditors provided for by the confirmed plan.

*Lennon*, 65 B.R. at 138–39.

*Lennon* relied on 11 U.S.C.A. § 1326(a)(2) [5] as authority for returning the funds to the debtor upon failure of the plan to be confirmed. Further, upon conversion, 11 U.S.C.A. § 348 is the governing authority. In particular, § 348(a) [6] provides that upon conversion, the date of filing the petition, the commencement of the case, or the order of relief are not affected.

Therefore, this court finds the undistributed funds held by the Trustee upon conversion shall be distributed pursuant to the plan for the benefit of the Creditors provided for by the plan.

Accordingly, this court grants the Trustee's motion for authority to disburse funds on a converted case and overrules Debtors' objection to said motion.

**5.** 11 U.S.C.A. § 1326(a)(2) (West Supp.1988).
... (a)(2) A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title.

**6.** 11 U.S.C.A. § 348(a) (West 1979).

An order in accordance with this Memorandum Opinion is attached hereto.

... (a) Conversion of a case from one case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.
(As noted in *Lennon*, subsection (b) and (c) are not applicable to these particular cases.)