**In re Terry Gale BROWN, Debtor.**

**Bankruptcy No. 90–20029–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, N.D.

Sept. 12, 1990.

David A. Sosne, St. Louis, Mo., Trustee.

Mina Saiedy Nami, St. Louis, Mo., for trustee.

Stuart J. Radloff, Clayton, Mo., for debtor.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The parties have agreed that the Trustee's objection to the Debtor's claim of exemption is to be submitted to the Court upon the Memoranda of Law submitted by the parties on August 9, 1990 and on August 22, 1990.

Upon consideration of the record as a whole, the Court has concluded that the Debtor commenced this case by filing a voluntary petition for relief under Chapter 13 on January 29, 1990; and that the Debtor's motion to convert the case to a Chapter 7 case was granted by an order entered on June 12, 1990, as of June 11, 1990; and that prior to conversion, a Chapter 13 Plan had not been confirmed; and that the Chapter 13 Trustee is holding certain monies received from the Debtor after commencement of the case but prior to conversion; and that the Debtor's Chapter 7 schedules include a claim of exemption for the monies held by the Chapter 13 Trustee.

Notwithstanding the decision in *Resendez v. Lindquist*, 691 F.2d 397 (8th Cir. 1982), Section 1326(a)(2) is controlling in this situation. This subsection was added to Section 1326 by the Bankruptcy Amendments Act of 1984 and states at pertinent part as follows:

Section 1326(a)(2). A payment under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under Section 503(b) of this Title.

This determination is consistent with the recent opinion of the 8th Circuit in *Kathleen A. Laughlin, Trustee, v. United States Internal Revenue Service*, 912 F.2d 197, 201 (8th Cir.1990). Therefore,

IT IS ORDERED that this matter be removed from the docket of *September 25, 1990* and be concluded; and that the Chapter 7 Trustee's objection to the Debtor's claim of exemption described as "monies paid under Chapter 13, 11 U.S.C. Section 541(a)(6), 11 U.S.C. Section 1326(a)(2), $4,440.00" is DENIED; and that the Debtor's claim of exemption is allowed.