**In re Kyle Dean RADEBAUGH and Zaneta Ann Radebaugh, Debtors.**

**Bankruptcy No. 90–30242–SW.**

United States Bankruptcy Court, W.D. Missouri, Southwestern Division.

April 17, 1991.

Danny R. Nelson, Springfield, Mo., for petitioner.

Jerry L. Holcomb, Joplin, Mo., for debtors.

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

The matter before the Court is the objection by the Chapter 7 Trustee to the debtors' claim for exemption in undistributed Chapter 13 plan payments. The debtors, Kyle and Zaneta Radebaugh, filed a Chapter 13 petition, and their plan was subsequently confirmed. After making direct payments to the Chapter 13 Trustee, the debtors converted the Chapter 13 proceeding to a case under Chapter 7 and now claim that the undistributed Chapter 13 plan payments, totaling $1,582.26, held by the Chapter 13 Trustee, are exempt property under RSMo. § 525.030 and RSMo. § 513.430(3). The Chapter 7 Trustee objects to the exemption claiming that the payments are no longer wages of the debtors and the amount claimed exceeds the allowable limit of objections available to the debtors.

The issue is whether debtors, who have converted a Chapter 13 proceeding with a *confirmed* plan to a Chapter 7, may exempt in the Chapter 7 proceeding the undistributed plan payments made to the Chapter 13 Trustee.

Section 522 of the Bankruptcy Code provides exemptions for debtors. 11 U.S.C. § 522. However, in Missouri, debtors are not entitled to the federal bankruptcy exemptions; they are limited to the exemptions specified under Missouri law. RSMo. § 513.427 (1986). Under Missouri statute § 525.030(2), the debtor is entitled to an exemption of a portion of his earnings. RSMo. § 525.030(2) (1986). "Earnings" is defined as "compensation paid or payable for personal services." **RSMo. § 525.030(2) (1986).** To decide whether the debtor is entitled to the exemption, it must be determined whether the payments made

to the Chapter 13 Trustee are still "earnings" that belong to the debtor or whether they have changed character and now belong to the estate.

*Before* a Chapter 13 plan is confirmed, a debtor may claim funds paid to the Chapter 13 Trustee as exempt in the Chapter 7 case. *In re Brown,* 118 B.R. 1008, 1009 (E.D.Mo. 1990). Under Section 1326(a)(2), the trustee is required to "return" to the debtor any payments made to the trustee if the plan is not confirmed. 11 U.S.C. § 1326(a)(2). Since the debtor is entitled to a "return" of the money paid to the Chapter 13 Trustee, the money never changes character: it is a "return" of the debtor's earnings to the debtor.

However, once the plan is confirmed, the trustee is required to distribute the payments to the creditors. 11 U.S.C. § 1326(a)(2). Unlike pre-confirmation, the debtor is no longer entitled to the money. The payments are due to the creditors. This changes the nature of the money from the debtor's earnings to part of the estate. *See Resendez v. Lindquist,* 691 F.2d 397, 399 (8th Cir.1982). Therefore, the debtor is not entitled to the exemption because the money no longer constitutes "earnings" of the debtor.

> Since the debtor *voluntarily* made the payments in question to a Chapter 13 trustee for the benefit of creditors, it would be unfair to permit the monies to be now claimed as exempt under his Chapter 7 proceeding on the basis that they had not been distributed to the creditors. In other words, at this stage it would be unfair to the unsecured creditors.

*Resendez,* 691 F.2d at 399 (emphasis added).

In addition, to allow the debtor to exempt the money after the conversion would be contrary to the section 1326(a)(2). The statute requires the trustee to collect funds for the benefit of creditors and to distribute the money to the creditors only after the plan is confirmed. The payment of the money to the Chapter 13 Trustee once the plan is confirmed is equivalent to paying the money to the creditors. If the debtor is

entitled to exempt the funds, the creditors do not receive the money they are entitled to receive under the statute.

Because the payments made to the Chapter 13 Trustee changed character when the plan was confirmed and it would be contrary to the Bankruptcy Code to rule otherwise, the debtor is not entitled to an exemption under Section 525.030. The objection by the Chapter 7 Trustee to the claimed exemption is SUSTAINED.