**In re Eddie Ray GALLOWAY, Debtor.**

**Bankruptcy No. 4–91–00337(3).**

United States Bankruptcy Court, W.D. Kentucky.

Dec. 10, 1991.

David Taylor, Hayden & Taylor, Owensboro, Ky., for debtor.

Joseph W. Castlen, III, Owensboro, Ky., Trustee.

Joseph J. Golden, Louisville, Ky., Asst. U.S. Trustee.

### MEMORANDUM–OPINION

DAVID T. STOSBERG, Bankruptcy Judge.

This matter came before the Court on November 13, 1991 for a hearing on the debtor's motion to determine the proper distribution of funds. After considering the arguments of counsel the court took this matter under submission.

On March 25, 1991 the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. The Chapter 13 Plan of the Debtor was confirmed by this Court on May 23, 1991. On May 28, 1991 the Court confirmed the Debtor's amended Chapter 13 Plan. Under the Plan, the Debtor proposed to pay $800.00 per month for 48 months for his unsecured creditors to receive approximately 54 percent of their claims. All of the Debtor's secured creditors were being paid outside the Plan. The Debtor also proposed to remit any Federal and State Income Tax refunds to the Trustee as part of the Plan.

The Debtor filed a motion to convert this Chapter 13 case to a Chapter 7 case and an Order granting that Motion was entered on July 22, 1991. The Debtor had paid ap-

proximately $3200.00 to the Trustee and there had been no distribution of the funds at the time of the conversion. The Chapter 13 Trustee turned over the $3200.00 to the interim trustee, Joseph W. Castlen, III. Mr. Castlen has agreed with the Debtor that $973.00 of the $3200.00 should be returned to the Debtor as exempt under K.R.S. 427.160 but that the remaining $2227.00 should be distributed to the unsecured creditors. The Debtor "feels" that he needs the funds to facilitate the "fresh start" envisioned by the Bankruptcy Code and the postpetition earnings should be returned to the Debtor.

All of the money in the possession of the interim trustee are the funds that the Debtor paid to the Chapter 13 trustee pursuant to the Plan which was confirmed by this Court. The Debtor, in his Motion, cites three cases from three districts supporting his position that all money should be returned to the debtor. The trustee writes in his response that there are primarily three different theories as to the disposition of the funds. However, he bases his position on § 1326 which specifically describes the treatment of Plan payments. 11 U.S.C. § 1326(a)(2) states:

"A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of plan. If a plan *is confirmed, the trustee shall distribute any such payment in accordance with the plan.* If the plan is not confirmed, the trustee shall return any payment to the debtor, after deducting any unpaid claim allowed under § 503(b) of this title." (emphasis added)

In the case of *In re Redick*, 81 B.R. 881 (Bank.E.D.Mich.1987) the Court held that once a Chapter 13 debtor has voluntarily parted with wages and delivered them to the custody of a trustee in performance of a confirmed Chapter 13 plan, the creditors have a vested right to receive those payments pursuant to the plan. Thus, upon the conversion of the case to a Chapter 7, funds should be disbursed by the former Chapter 13 trustee to creditors pursuant to the terms of the confirmed Chapter 13 plan. Several other Courts and jurisdictions have also come to the conclusion that

the creditor's interest in Chapter 13 plan payments vest when each payment is made and, upon conversion of the case to Chapter 7, any undistributed payments do not become property of the converted Chapter 7 estate but must be disbursed according to the terms of the confirmed plan. *In re Milledge,* 94 B.R. 218 (Bank.M.D.Ga.1988); *In re Halpenny,* 125 B.R. 814 (Bank.D.Hawaii 1991); *In re Radebaugh,* 125 B.R. 797 (Bankr.W.D.Mo.1991).

It should be noted that the Court in *Radebaugh, supra* went so far as to say that the payments paid into the Chapter 13 lost their character as "earnings" immediately upon confirmation of the debt adjustment plan, and accordingly, the debtors could no longer claim an exemption in the undistributed funds remaining in the trustee's possession when they converted the Chapter 13 case to one under Chapter 7. Id. at p. 798.

Upon the confirmation of the debtor's Chapter 13 plan, the majority of the caselaw and § 1326 specifically describes the treatment of the plan payments. It is clear that the trustee shall return undistributed payments if the plan is not confirmed. The Code is just as specific that if plan payments are made, pursuant to a confirmed plan, then the trustee shall distribute any such payments in accordance with the plan. Accordingly, the Court finds that the $3,200.00 which was paid to the Chapter 13 trustee must be paid according to the confirmed Chapter 13 plan of the debtor

Henceforth, when a case is converted to a Chapter 7 after entry of an Order of confirmation, the Chapter 13 Trustee shall distribute any funds in accordance with the terms of the Plan and not pay funds to the Chapter 7 Trustee.

This Memorandum–Opinion constitutes Findings of Fact and Conclusions of Law and an Order consistent herewith shall be entered this date.

## ORDER

This matter having come before the Court and the Court having submitted the

statements of counsel and their respective positions,

IT IS HEREBY ORDERED that the interim trustee return the $3,200.00 of undistributed funds to the Chapter 13 trustee who shall distribute them according to the terms of the confirmed Chapter 13 Plan.