**In re William Franklin LEONARD, Debtor.**

**Bankruptcy No. 90–12796M.**

United States Bankruptcy Court,
W.D. Arkansas,
Fort Smith Division.

Aug. 12, 1992.

Rex W. Chronister, Fort Smith, AR, for debtors.

Jan K. Nielsen, Van Buren, AR, trustee.

Stanley A. Leasure, Fort Smith, AR, for City Nat. Bank.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On December 13, 1990, William Franklin Leonard (debtor) filed a petition for voluntary relief under the provisions of chapter 13 of the United States Bankruptcy Code. After several unsuccessful attempts, a plan was confirmed on November 12, 1991. Pursuant to 11 U.S.C. § 1326(a), the debtor made a total of $7,152.00 in cash payments to the trustee while the confirmation process was pending.

On December 26, 1991, the case was converted to chapter 7 and Jan K. Nielsen, Esq., was appointed the interim chapter 7 trustee. The payments that had been made to the chapter 13 trustee had not yet been distributed pursuant to the confirmed plan on the date the case was converted to chapter 7. On February 4, 1992, the chapter 13 trustee filed a motion to distribute the funds on hand pursuant to the provisions of the confirmed plan as follows:

| | |
|---|---|
| $1,018.00 | Student Loan Guarantee Foundation of Arkansas |
| 874.44 | Guy and Jerry Kremers |
| 1,856.34 | Volkswagen Credit, Inc. |
| 3,045.62 | Internal Revenue Service |
| 357.60 | A.L. Tenney, Trustee |

City National Bank[1] and the chapter 7 trustee objected to the chapter 13 trustee's motion. The chapter 7 trustee asserts that the undistributed funds are property of the chapter 7 estate and should be turned over to him for distribution pursuant to the priorities provided in 11 U.S.C. § 507. The chapter 13 trustee argues that 11 U.S.C. § 1326 requires him to distribute the funds in accordance with the confirmed chapter 13 plan.

The parties presented the matter on stipulated facts and briefs and the case was taken under advisement. The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and the Court has jurisdiction to enter a final order in this case.

Although there has been considerable litigation over whether undistributed funds that have been paid to a chapter 13 trustee should be refunded to the debtor upon con-

---

1. City National Bank subsequently withdrew its objection.

version, that issue is not raised in this case. Both parties agree that the undistributed funds are property of the bankruptcy estate. *See Nash v. Kester (In re Nash),* 765 F.2d 1410 (9th Cir.1985); *Resendez v. Lindquist,* 691 F.2d 397 (8th Cir.1982); *In re Redick,* 81 B.R. 881 (Bankr.E.D.Mich.1987).

11 U.S.C. § 1326(a)(1) and (2), which was enacted by the Bankruptcy Amendment and Federal Judgeship Act of 1984, provides, in part, as follows:

> [T]he debtor shall commence making the payments proposed by a plan within 30 days after the plan is filed.
> (2) ... If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan[.]

However, Fed.R.Bankr.P. 1019(4) appears to contradict 11 U.S.C. § 1326 because Rule 1019(4) provides that "[a]fter qualification of, or assumption of duties by the chapter 7 trustee, any ... trustee previously acting in the chapter ... 13 case shall, forthwith, ... turn over to the chapter 7 trustee all ... property of the estate in the possession or control of the ... trustee."

Courts that have authorized the chapter 13 trustee to distribute funds on hand pursuant to the confirmed plan rely primarily on the specific language of 11 U.S.C. § 1326(a)(2). *See Ledford v. Burns (In re Burns),* 90 B.R. 301 (Bankr.S.D.Ohio 1988); *Waugh v. Saldamarco (In re Waugh),* 82 B.R. 394 (Bankr.W.D.Pa.1988). *Accord In re Galloway* 134 B.R. 602 (Bankr.W.D.Ky. 1991); *In re Radebaugh,* 125 B.R. 797 (Bankr.W.D.Mo.1991); *In re Brown,* 118 B.R. 1008 (Bankr.E.D.Mo.1990); *Robb v. Lybrook (In re Lybrook),* 107 B.R. 611 (Bankr.N.D.Ind.1989), *aff'd,* 135 B.R. 321 (N.D.Ind.1990), *aff'd,* 951 F.2d 136 (7th Cir. 1991); *In re Milledge,* 94 B.R. 218 (Bankr. M.D.Ga.1988); *Waugh v. Saldamarco (In re Waugh),* 82 B.R. 394 (Bankr.W.D.Pa. 1988); *In re Redick,* 81 B.R. 881 (Bankr. E.D.Mich.1987); *In re Lennon,* 65 B.R. 130 (Bankr.N.D.Ga.1986). The District Court for the Eastern District of Arkansas has also held that the provisions of 11 U.S.C. § 1326 must be followed. *Tenney v. Gregg (In re Gregg),* No. LR–C–91–428, 1992 WL 464123 (E.D.Ark. June 17, 1992).

Therefore, the chapter 13 trustee's motion is granted and he is authorized to distribute the funds in his possession pursuant to the confirmed plan.

IT IS SO ORDERED.