**In re Joseph A. HARDIN, Mistilyn M. Hardin, Debtors.**

**Bankruptcy No. 96–20107.**

United States Bankruptcy Court, E.D. Kentucky, Covington Division.

Sept. 11, 1996.

Charles L.J. Freihofer, Trustee, Edgewood, KY.

Jay T. Bosken, Covington, KY, for Debtors.

Glen E. Algie, Crescent Springs, KY, for Star Bank.

### *MEMORANDUM OPINION*

WILLIAM S. HOWARD, Bankruptcy Judge.

The Court has before it a dispute between the debtors and the chapter 13 trustee ("trustee") over the disposition of funds in the hands of the chapter 13 trustee in this matter. After filing this chapter 13 proceeding and proposing a plan which was confirmed, the debtors in this proceeding elected to convert the case to a case under chapter 7. The dispute concerns the sum of $1,169.24 remaining in the hands of the trustee and whether those funds should be distributed

pursuant to the terms of the confirmed chapter 13 plan or returned to the debtors as their counsel contends.

■ The dispute before the Court does not involve the chapter 7 trustee since the 1994 Amendments to the Bankruptcy Code, Public Law No. 103–394, § 311 (codified as 11 U.S.C. § 348(f)) have made clear that the debtor's payments from post-petition earnings pursuant to a chapter 13 plan are not part of the chapter 7 estate upon conversion from chapter 13 to chapter 7 except in circumstances not applicable here. 11 U.S.C. § 348(f)(2). *Young v. Key Bank of Maine, et al.* (*In re Young* ), 66 F.3d 376 (1st Cir.1995). While Congress has clarified the disposition of such funds as between the chapter 7 estate and the debtor, it did not address the rights that creditors of the chapter 13 estate may have to these funds in the hands of the trustee when conversion of the case occurs post-confirmation.

The trustee contends that had those funds been distributed to the creditors pursuant to the terms of the confirmed plan prior to the conversion no recovery of such funds by the debtors could be effected. His argument proceeds that, simply because he had not proceeded to distribute these particular funds at the point of conversion, no different result should occur and that the funds should be distributed in accordance with the confirmed chapter 13 plan. The Bankruptcy Code affirmatively sets forth the trustee's obligation to distribute the funds pursuant to the plan at 11 U.S.C. § 1326(a)(2):

"A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as practicable. If a plan is not confirmed, the trustee shall return any such payment to the debtor after deducting any unpaid claim allowed under § 503(b) of this title."

■ The above quoted language "... as soon as practicable" was also added by the 1994 Bankruptcy Amendments, Public Law No. 103–394, § 307. The question before the Court becomes whether the conversion of the proceeding to one under chapter 7 abrogates the duty of the chapter 13 trustee to distribute the money in accordance with 11 U.S.C. § 1326. While the trustee is required to distribute such money as soon as practicable, administratively it is not possible to make a distribution upon receipt of each payment and often some accumulation will occur in each case prior to the making of a distribution to creditors.

As is noted above, it does not appear that the changes effected by Public Law No. 103–394 indicate a congressional intent to address the question before the Court. There appears to be considerable precedent for the position of the trustee in the matter and, while this precedent predates the 1994 Amendments to the Bankruptcy Code, does not appear to be negatively affected thereby. *In re Galloway,* 134 B.R. 602 (Bankr. W.D.Ky.1991) (upon conversion post-confirmation, the chapter 13 trustee shall distribute funds in accordance with the terms of the confirmed plan and not pay funds to the chapter 7 trustee); *In re Halpenny,* 125 B.R. 814 (Bankr.D.Haw.1991) (confirmation gives chapter 13 creditors a vested right to receive funds despite conversion of the case post-confirmation to a chapter 7 proceeding); *In re Leonard,* 150 B.R. 709 (Bankr.W.D.Ark. 1992) (chapter 13 trustee must distribute funds on hand pursuant to the terms of confirmed plan despite conversion to chapter 7 and despite the provisions of Federal Rule of Bankruptcy Procedure 1019(4)). While this list is not exhaustive as to cases supporting the trustee, it provides ample precedent for his position.

In response, the debtors cite four cases in support of their position. One of those cases, *In re Tracy,* 28 B.R. 189 (Bankr.D.Me.1983) addresses whether or not the chapter 7 trustee receives property in the hands of the chapter 13 trustee in a post-confirmation conversion to chapter 7. As such, it concludes that such post-petition wages are property of the chapter 7 estate. The 1994 Bankruptcy Code Amendments have clarified that this is no longer the law and, for that reason, this case does not appear to provide precedent for the debtor's position.

The other three cases cited by the debtors, however, do lend support to the debtors' position. *In re Gillen,* 69 B.R. 255 (E.D.Pa. 1986) (the original petition. filing date controls and post-petition wages are not part of the chapter 7 bankruptcy estate); *In re Nash,* 765 F.2d 1410 (9th Cir.1985) (debtors' dismissal of their chapter 13 case vacated the confirmed plan and post-petition wages in the hands of the chapter 13 trustee reverted to debtors upon such dismissal); and *In re Luna,* 73 B.R. 999 (N.D.Ill.1987) (creditors' rights to payments under confirmed chapter 13 plan did not vest at time of confirmation but at time of distribution by the trustee and undistributed funds at the date of conversion are the property of the debtor).

■ This Court respectfully disagrees with the authorities cited by debtors in this matter. Instead, the Court agrees with the *Galloway, supra,* line of cases holding that confirmation vests rights in the creditors which require that post-petition wages paid to the chapter 13 trustee be distributed by him to those creditors even after conversion of the case to one under chapter 7. While the Court reaches this conclusion based upon the provisions of § 1306, § 1326, *et seq.* of the Bankruptcy Code, the Court believes that equitable factors also compel the same result. Those factors include the delay occasioned in the confirmation process, the reliance of creditors upon the distribution called for in the confirmed plan, the finality afforded a confirmed plan when enforcement is sought by the debtor, and the forbearance by many creditors in asserting other rights which they may have (such as a right to adequate protection pending confirmation) in reliance upon funds being accumulated by the trustee for distribution after confirmation occurs.

For all of the above reasons, it appears that the debtors' motion seeking a refund of these funds should be overruled, and the trustee should be directed to distribute the funds pursuant to the confirmed chapter 13 plan. A separate Order so directing will be entered herein.