**In re Cheri A. BELL, (f/k/a Cheri A. Snider), Debtor.**

**No. 98–24065.**

United States Bankruptcy Court, W.D. New York.

May 12, 2000.

---

Richard E. Regan, Rochester, NY, for debtor.

Peter Scribner, Rochester, NY, Chapter 7 Trustee.

### DECISION & ORDER

JOHN C. NINFO, II, Chief Judge.

#### *BACKGROUND*

On October 29, 1998, Cheri A. Bell, f/k/a Cheri A. Snider (the "Debtor") filed a petition initiating a Chapter 7 case. On December 3, 1998, upon the application of the Debtor, the Court entered an Order converting the case to a Chapter 13 case. At a Confirmation Hearing held on January 25, 1999, the Court confirmed the Debtor's orally modified plan (the "Confirmed Plan") which provided for her to make payments of $61.00 per week to the Chapter 13 Trustee by wage order for a period of three years with unsecured creditors to receive an estimated pro rata dividend of forty-five percent.

On March 23, 1999, the Court entered an Order (the "Confirmation Order") which provided in part that: (1) the provisions of the Confirmed Plan bind the Debtor and each creditor whether or not such creditor has objected to, accepted, or rejected the plan; (2) all of the Debtor's wages and property of whatever nature and kind and wherever located shall remain under the exclusive jurisdiction of this Court; and (3) the Debtor shall forthwith and until further order of the Court pay to the Chapter 13 Trustee in good funds the sum of $61.00 weekly by wage order. In addition, the Confirmation Order directed the Chapter 13 Trustee to make payments with the funds received

from the Debtor first to administrative expenses, next to unpaid attorneys' fees and then to effect the pro rata distribution to unsecured creditors, since there were no priority, secured or classified unsecured claims scheduled by the Debtor or provided for by the Confirmed Plan.

On February 3, 2000, the Debtor filed a Notice of Conversion (the "Conversion Notice"), and her Chapter 13 case was reconverted to a Chapter 7 case.

On March 13, 2000, the Chapter 13 Trustee filed a Final Report and Account which showed that he had forwarded to the Debtor's bankruptcy attorney $2,568.49 in undistributed plan payments (the "Undistributed Plan Payments") that had been made by the Debtor pursuant to the "Confirmed Plan." [1]

On March 29, 2000, Peter Scribner, Esq. (the "Chapter 7 Trustee") filed a Motion (the "Motion") objecting to the Debtor's claim that the Undistributed Plan Payments were exempt. The Motion set forth that the Chapter 7 Trustee believed the issue the Court must address was not whether the Debtor could claim an exemption in the Undistributed Plan Payments, but whether they were even an asset of the Chapter 7 estate.

The Motion asserted that if reference were made to Section 348(f)(1)(A) [2], the Undistributed Plan Payments were not an asset of the Chapter 7 estate because they were not property that remained in the possession of or under the control of the Debtor on the date of conversion. At the time of conversion, the Undistributed Plan Payments were being held by the Chapter 13 Trustee pursuant to the terms of the Confirmation Order and the Confirmed Plan.

On April 3, 2000, the Debtor interposed Opposition to the Motion which alleged that: (1) under New York Law which provides the applicable exemptions when a New York resident files Chapter 7, the Debtor had the right to claim a cash exemption of up to $2,500.00 in property of the estate, which, under the holding in *Richardson*, included the Undistributed Plan Payments; or (2) in the alternative, pursuant to Section 348(f)(1)(A), the Undistributed Plan Payments were a post-petition asset (post-petition wages) which was the Debtor's asset and not an asset of the Chapter 7 estate.

In his written submissions to the Court and at oral argument, the Chapter 7 Trustee asserted that the Court should adopt the holding and reasoning of the Bankruptcy Court in *In re Hardin*, 200 B.R. 312 (Bankr.E.D.Ky.1996) (*"Hardin"*), which held that undistributed plan payments made by a debtor to a Chapter 13 trustee pursuant to a confirmed plan were not property of the Chapter 7 estate, but

1. The Court has been advised that in the Rochester Division of the Western District of New York when a Chapter 13 case in which there was a confirmed plan is dismissed, the Chapter 13 Trustee distributes to creditors, in accordance with the provisions of the confirmed plan, any funds which he is holding that were paid to his office by the Debtor pursuant to the plan. On the other hand, when a Chapter 13 case in which there was a confirmed plan is converted to a Chapter 7 case, in accordance with the decision of retired Bankruptcy Judge Edward D. Hayes in *In re Richardson*, 20 B.R. 490 (Bankr. W.D.N.Y.1982) (*"Richardson"*), which held that undistributed payments made by the debtor pursuant to a confirmed Chapter 13 plan became property of the Chapter 7 estate upon conversion of the case to Chapter 7, the

Chapter 13 Trustee in the Rochester Division of the Western District of New York pays such undistributed plan payments to the attorney for the debtor, subject to future instructions from the Chapter 7 Trustee.

2. Section 348(f)(1)(A) provides that:

(f)(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—
(A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion[.]
11 U.S.C. § 348(f)(1)(A) (2000).

could be distributed by the Chapter 13 trustee pursuant to the confirmed plan.

In her written submissions to the Court and at oral argument, the Debtor asserted that if the Court declined to adopt the holding in *Richardson*, it should adopt the holding and reasoning of the First Circuit Court of Appeals in *In re Young*, 66 F.3d 376 (1st Cir.1995) ("*Young*"), which agreed that such undistributed plan payments were not property of the Chapter 7 estate, but held that they must be returned to the Debtor.

## DISCUSSION

Notwithstanding that Congress amended Section 348(f)(1)(A) by the Bankruptcy Reform Act of 1994 (the "Amendment"), the decisions in *Hardin* and *Young* demonstrate that, although the Amendment may have clarified the status of classic after-acquired assets such as an inheritance obtained more than 180 days after the filing of the petition, a post-petition cause of action or a tangible asset acquired with post-petition personal service earnings, its language failed to clarify what happens to undistributed plan payments when there is a conversion from a Chapter 13 case where there was a confirmed plan to a Chapter 7 case.

This is unfortunate because at the time of the enactment of the Amendment, courts were in disagreement both with respect to classic after-acquired assets, *see In re Bobroff*, 766 F.2d 797 (3rd Cir.1985) (Tort Claims) and *In re Lybrook*, 951 F.2d 136 (7th Cir.1991) (Inheritance), and undistributed plan payments, *see In re Galloway*, 134 B.R. 602 (Bankr.W.D.Ky.1991) ("*Galloway*") and *In re Nash*, 765 F.2d 1410 (9th Cir.1985).

■ I agree with the decisions of the Bankruptcy Courts in *Galloway* and *Hardin*, and prospectively hold that undistributed plan payments in a Chapter 13 case where there has been a confirmed plan should be distributed by the Chapter 13 Trustee pursuant to the provisions of the confirmed plan and the order confirming the plan, notwithstanding that the case has been converted to a Chapter 7 case.

When the Debtor made the Undistributed Plan Payments to the Chapter 13 Trustee pursuant to the Confirmed Plan and the Confirmation Order, she did so with the intent to fulfill her obligations under the Confirmed Plan which she had voluntarily proposed. Furthermore, she made the payments with that intent at a time when she was still receiving whatever benefits she believed were significant enough for her to have converted to and proceeded in Chapter 13.[3] After those payments were made and at the time the Debtor filed the Conversion Notice on February 3, 2000, her post-confirmation intent to no longer proceed in Chapter 13 was formalized, but it was not until that time that she ceased obtaining and enjoying the various benefits that were afforded to her by the bankruptcy system and the Confirmed Plan. In my view, the Debtor received a *quid pro quo* from the bankruptcy system at the time she made the Undistributed Plan Payments to the Chapter 13 Trustee.

■ Although Chapter 13 is a voluntary proceeding,[4] just because debtors at some point post-confirmation voluntarily change their intent and elect to proceed in Chapter 7 rather than in Chapter 13, that election does not retroactively revoke the intent they had at the time when they were operating under a confirmed plan and vol-

---

**3.** The benefits of proceeding in Chapter 13 for any given debtor are numerous and varied, including, but not limited to obtaining a "super discharge", saving a residence from foreclosure, avoiding a substantial abuse dismissal, cramming down secured assets, and having the benefit of the automatic stay for an extended period of time.

**4.** The Second Circuit Court of Appeals has made it very clear that Chapter 13 is a strictly voluntary proceeding in its decision in *In re Barbieri*, 199 F.3d 616 (2nd Cir.1999).

untarily chose to make the required plan payments to enable them to continue to enjoy the ongoing benefits of that plan.

I do not believe that the Undistributed Plan Payments are assets of the Chapter 7 case. In my view, it is not necessary to see or characterize them in a manner that makes them other than what they are—plan payments made pursuant to a confirmed voluntary plan that simply did not administratively get distributed by the Chapter 13 Trustee, for whatever reason, before the Debtor elected to convert her case from Chapter 13 to Chapter 7.

I believe that this ruling: (1) will not discourage any individuals from proceeding in Chapter 13, since it simply requires them to fully honor their obligation under a confirmed plan up to the point when they voluntarily wish to terminate the provisions of the plan and have their case dismissed or converted to a Chapter 7 case; (2) will make the treatment of undistributed plan payments consistent when a Chapter 13 case is terminated; (3) is consistent with the intent of Congress when it amended Section 348(f)(1)(A) to exclude from the Chapter 7 estate those classic assets which a Chapter 13 debtor might acquire post-petition which, if not excluded, could act as a disincentive to individuals filing Chapter 13 cases; and (4) is consistent with Rule 1019(5)(B)(ii) [5] which contemplates that when a case converts from Chapter 13 to Chapter 7, the Chapter 13 Trustee will complete the administration of the Chapter 13 estate and then file a final report and account.[6]

5. Rule 1019(5)(B)(ii) provides that:

(5) Filing Final Report and Schedule of Postpetition Debts.
(B) *Conversion of Chapter 13 Case.* Unless the court directs otherwise, if a chapter 13 case is converted to chapter 7,
(ii) the trustee, not later than 30 days after conversion of the case, shall file and transmit to the United States trustee a final report and account[.]
Rule 1019(5)(B)(ii) (1998).

### CONCLUSION

Because the Debtor may have relied on *Richardson* in making her decision to convert her case to a Chapter 7 case, I cannot make the holding of this case applicable to her. Therefore, in this case, the Undistributed Plan Payments shall still be considered property of the Chapter 7 estate in which the Debtor shall have her claimed cash exemption in accordance with New York Law and *Richardson.*

**IT IS SO ORDERED.**

6. In the Rochester Division of the Western District of New York, in accordance with the holding of this case, I am hereby extending the 30–day time period under Rule 1019(5)(B)(ii) in those cases where there are undistributed plan payments in the hands of the Trustee at the time of conversion to 60 days, with the right of the Trustee to request *ex parte* a further extension, in order to afford the Chapter 13 Trustee an adequate and appropriate amount of time to complete the distribution of those funds.