# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 08-6016

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Geoff Paul Draisey and | * | |
| Kristin Denise Draisey, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| | * | Appeal from the United States |
| Habbo Fokkena, | * | Bankruptcy Court for the |
| | * | District of Minnesota |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Geoff Paul Draisey and | * | |
| Kristin Denise Draisey, | * | |
| | * | |
| Defendants-Appellees. | * | |
| | * | |

Submitted: August 26, 2008
Filed: October 16, 2008

Before Federman, Mahoney and Venters, Bankruptcy Judges.

MAHONEY, Bankruptcy Judge.

The United States Trustee ("UST") appeals the Bankruptcy Court's order denying the UST's motion to dismiss pursuant to 11 U.S.C. § 707(b)(3)(B). For the reasons set out below, we reverse.

## JURISDICTION

The Bankruptcy Appellate Panel has jurisdiction over this appeal under 28 U.S.C. § 158(a), (b) and (c). The Bankruptcy Court's order denying the UST's § 707(b) motion is a final, appealable order. See Stuart v. Koch (In re Koch), 109 F.3d 1285, 1287 (8th Cir. 1997) (holding that order denying § 707(b) motion to dismiss is final).

## STANDARD OF REVIEW

This Court reviews findings of fact for clear error and conclusions of law de novo. Green Tree Serv., L.L.C. v. Coleman (In re Coleman), 392 B.R. 767 (B.A.P. 8th Cir. 2008). This case involves only an issue of statutory construction; no factual matters are in dispute. Issues of statutory construction are reviewed de novo. Colsen v. United States (In re Colsen), 446 F.3d 836, 839 (8th Cir. 2006); Coop v. Lasowski (In re Lasowski), 384 B.R. 205, 207 (B.A.P. 8th Cir. 2008). Thus, our review is de novo.

## BACKGROUND

The statutory provisions involved in this case were added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005), commonly referred to as "BAPCPA." Prior to the adoption of BAPCPA, § 707(b) permitted the Court, on its own motion or on motion by the UST, but not on a motion by any other party, to dismiss a case for substantial abuse. BAPCPA eliminated the requirement that the abuse be "substantial"

2

and now permits the Court, on its own motion or a motion by the UST or any party in interest, to dismiss a case filed by an individual debtor whose debts are primarily consumer debts if the Court finds that granting relief would be an abuse of the provisions of Title 11. The Court may determine that such abuse exists under any one of three standards set out in § 707(b).[1] First, a presumption of abuse may be found if the debtor's current monthly income reduced by a certain formula contained in § 707(b)(2)(A) is greater than an amount specified in that statutory section. Second,

---

[1]In pertinent part, 11U.S.C. § 707(b) provides:

(1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter. . . .

(2)(A)(i) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of –

(I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater, or
(II) $10,950.

. . .

(3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph does not arise or is rebutted, the court shall consider –

(A) whether the debtor filed the petition in bad faith; or
(B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

the Court may determine that abuse exists if, under § 707(b)(3)(A), the presumption referred to above does not arise or is rebutted, but the Court finds that the petition was filed in bad faith. Finally, the Court may find abuse after considering the totality of the circumstances of the debtors' financial situation. § 707(b)(3)(B).

On April 10, 2007, the Draiseys filed a voluntary Chapter 7 petition. Their § 341(a) meeting of creditors was held on May 11, 2007. Ten days later, the UST filed with the Bankruptcy Court a statement indicating that he was unable to determine whether the presumption of abuse arose under § 707(b)(2) in the case. On June 19, 2007, after the UST had received additional documents from the debtors and completed a means test review, the UST filed a supplemental statement under § 704(b)(1) indicating that the presumption of abuse did not arise.

Despite this determination, the UST concluded, from a review of the materials provided by the debtors, that the debtors had sufficient disposable income to repay a portion of their unsecured debts because, shortly before the bankruptcy filing, Mrs. Draisey had found new employment that significantly increased the family's annual gross income. Accordingly, on July 9, 2007, the UST filed a motion to dismiss the Chapter 7 case for abuse under § 707(b)(3) based upon the totality of the circumstances of the debtors' financial situation. The Draiseys responded to the motion and asserted that the motion was untimely because the UST had not filed the 10-day statement and motion to dismiss within the time limits specified in § 704(b)(2).

The UST then filed a supplement to his motion, asserting that § 704(b) did not apply because the UST had not determined that the debtors' case should be presumed to be an abuse under § 707(b)(2) or that the debtors' current monthly income exceeded the applicable state median. The supplemental motion argued that Interim Bankruptcy

Rule 1017(e)(1)[2], not § 704(b), governs the timeliness of a motion to dismiss for abuse based upon § 707(b)(3)(B) because the shorter deadline for filing a motion to dismiss is restricted only to § 707(b)(2) presumed abuse claims.

The Bankruptcy Court denied the UST's motion to dismiss, concluding that the motion was time-barred because the UST did not timely file a statement that the debtors' case would be presumed to be an abuse and did not file the motion to dismiss within the time limit specified in § 704(b)(2). The Bankruptcy Court determined that the language of § 704(b)(1) requires the UST to file a 10-day statement in every individual Chapter 7 case, whether the presumption of abuse arises or not. In addition, the Court interpreted § 704(b)(2) to mean that the UST must file all motions to dismiss for abuse under *any* subparagraph of § 707(b) within 30 days after the filing of the 10-day statement, regardless of whether the presumption of abuse arises in the case or

---

[2]That section of Interim Bankruptcy Rule 1017, promulgated in the District of Minnesota on September 27, 2005, to be effective on October 17, 2005, provides:

(e) Dismissal of an Individual Debtor's Chapter 7 Case or Conversion to a Case under Chapter 11 or 13 for Abuse. The court may dismiss or, with the debtor's consent, convert an individual debtor's case for abuse under § 707(b) only on motion and after a hearing on notice to the debtor, the trustee, the United States trustee, and any other entities as the court directs.
    (1) Except as otherwise provided in § 704(b)(2), a motion to dismiss a case for abuse under § 707(b) or (c) may be filed only within 60 days after the first date set for the meeting of creditors under § 341(a), unless, on request filed before the time has expired, the court for cause extends the time for filing the motion to dismiss. The party filing the motion shall set forth in the motion all matters to be considered at the hearing. A motion to dismiss under § 707(b)(1) and (3) shall state with particularity the circumstances alleged to constitute abuse.

whether the debtor's annualized current monthly income exceeds the applicable state median.[3]

DISCUSSION

It is the UST's position that the only reason to file a statement required by § 704(b)(1) is if the UST determines from a review of the initial materials submitted by the debtors that the presumption of abuse does arise. If the UST files a statement which states that the presumption does arise and such statement is filed within 10 days after the date of the first meeting of creditors, the UST acknowledges that he then has, under § 704(b)(2), 30 days to file a motion to dismiss or convert or a statement setting forth the reasons he does not consider such a motion to be appropriate. He argues that § 704(b)(2) only requires the filing of a motion to dismiss or the statement with reasons if the UST determines that the presumption of abuse arises and the debtors are above-median debtors. In this case, the UST determined that he had no basis to file a motion to dismiss under § 707(b)(2), the "presumption" subsection, but did believe he had sufficient evidence to support a motion to dismiss under the totality of the circumstances provision of § 707(b)(3).

We agree with the UST's argument. Filing the § 704(b)(1) statement is a condition precedent to filing a motion to dismiss under § 707(b)(2), not to filing a motion to dismiss under § 707(b)(3)(B). We reach this conclusion by reading the plain language of the statute, as the Supreme Court has directed. See Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 520 U.S. 1, 6 (2000) ("[W]hen the statute's language is plain, the sole function of the courts – at least where the disposition is not absurd – is to enforce it according to its terms"); United States v. Ron Pair Enter., Inc., 489 U.S. 235, 241 (1989); Caminetti v. United States, 242 U.S. 470, 485 (1917). The

---

[3]The courts have used the shorthand term "above-median debtor" for those debtors whose income exceeds the applicable state median on the means test form debtors are required to file.

30-day requirement of § 704(b)(2) applies only – by its own terms – "if the United States trustee . . . determines that the debtor's case should be presumed to be an abuse under section 707(b) . . . ." The words "presumed to be an abuse" occur only in § 707(b)(2), and are irrelevant to, and not included in, § 707(b)(3). It follows, then, that the time limit for filing a motion to dismiss under § 707(b)(3)(B) is governed by Interim Rule 1017(e) which refers to motions to dismiss other than in cases in which the presumption arises under § 704(b)(2).

All of the published cases that deal with this subject, except the present case, have determined that § 704(b)'s deadlines are inapplicable when the UST seeks relief under § 707(b)(3). See Turner v. Close (In re Close), 384 B.R. 856, 871 (D. Kan. 2008) (holding that where no presumption of abuse arises, 30-day deadline imposed by § 704(b)(2) does not apply, and § 704(b)(1)(A) statement is not prerequisite for filing), aff'g 353 B.R. 915 (Bankr. D. Kan. 2006); In re Perrotta, 390 B.R.26, 31 (Bankr. D.N.H. 2008) (ruling that where UST is seeking dismissal under § 707(b)(1) or (b)(3) without invoking presumption of abuse, the statement and time limitations under § 704(b) do not apply); In re Ansar, 383 B.R. 344, 348 (Bankr. D. Minn. 2008) (finding that nothing in § 704(b) prevents UST from filing a motion to dismiss under § 707(b)(3) when burden of proof will rest on UST); In re Byrne, 376 B.R. 700, 704 (Bankr. W.D. Ark. 2007) (ruling that § 704(b)(1) is not applicable to motion to dismiss under § 707(b)(3)); In re Clark, 393 B.R. 578, 584-85 (Bankr. E.D. Tenn. 2008) (holding that the 30-day time limit does not apply to a motion by the UST under § 707(b)(3)).

In each of those cases, the debtors argued that filing the statement under § 704(b)(1)(A) was a prerequisite for bringing a motion to dismiss under any of the provisions of § 707(b). The court in each of those cases rejected the argument and interpreted the statutory language to mean that both the statement and the motion to dismiss referred to in § 704(b)(2) relate only to the right of the UST to bring a motion to dismiss under § 707(b)(2) in cases in which the presumption of abuse exists, not in

cases where the UST is bringing a motion to dismiss under the totality of the circumstances test of § 707(b)(3). We agree with the logic and the conclusion of those cases.

## CONCLUSION

The decision of the Bankruptcy Court denying the motion to dismiss filed by the UST under § 707(b)(3)(B) is reversed and the case is remanded to the Bankruptcy Court to consider the motion on the merits.

_____