# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 10-6046

---

In re:                                    *
                                          *
Damian Gerald Chapman;                    *
Melissa Ann Chapman,                      *
                                          *
         Debtors.                         *
                                          *
Habbo G. Fokkena, U.S. Trustee,           *        Appeal from the
                                          *        United States
      U.S. Trustee - Appellant,           *        Bankruptcy Court for the
                                          *        District of Minnesota
         v.                               *
                                          *
Damian Gerald Chapman;                    *
Melissa Ann Chapman,                      *
                                          *
      Debtors - Appellees.                *

-1-

No. 10-6047

In re:                              *
                                    *
Maria Christina Cruse,              *
                                    *
        Debtor.                     *
                                    *
Habbo G. Fokkena, U.S. Trustee,     *        Appeal from the
                                    *        United States
    U.S. Trustee - Appellant,       *        Bankruptcy Court for the
                                    *        Southern District of Iowa
            v.                      *
                                    *
Maria Christina Cruse;              *
                                    *
    Debtor - Appellee.              *

Submitted: February 1, 2011
Filed: March 11, 2011

Before SCHERMER, SALADINO and NAIL, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

The United States Trustee (the "U.S. Trustee") appeals from orders of the United States Bankruptcy Court for the District of Minnesota and the United States Bankruptcy Court for the Southern District of Iowa, denying the U.S. Trustee's motions to dismiss the Chapter 7 bankruptcy cases of Damian Gerald Chapman and

Melissa Ann Chapman (the "Chapmans") and Maria Christina Cruse (Ms. Cruse and together with the Chapmans, the "Debtors") pursuant to § 707(b) of Title 11 of the United States Code (the "Bankruptcy Code"). We have jurisdiction over these appeals from the final orders of the bankruptcy courts. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we reverse and remand these cases to the bankruptcy courts for determinations of dismissal under §§ 707(b)(2) and (3).

## ISSUE

The issue on appeal is whether 11 U.S.C. § 707(b)(1) applies in these cases that have been converted from Chapter 13 to Chapter 7 of the Bankruptcy Code. We also consider the threshold issue of whether the bankruptcy courts' orders denying the U.S. Trustee's motions to dismiss under 11 U.S.C. § 707(b) are final orders for the purposes of these appeals. We conclude that: (1) the orders denying the U.S. Trustee's 11 U.S.C. § 707(b) motions to dismiss were final orders; and (2) in light of the Eighth Circuit's decision in *Resendez v. Lindquist*, 691 F.2d 397 (8th Cir. 1982), 11 U.S.C. § 707(b)(1) must be applied in these cases converted from Chapter 13 to Chapter 7.

## BACKGROUND

The relevant facts are not in dispute in either of these consolidated appeals.

**<u>Chapman</u>**

The Chapmans filed a petition for relief under Chapter 13 of the Bankruptcy Code. When creditors obtained relief from the automatic stay several months after confirmation of the Chapmans' Chapter 13 plan, the Chapmans converted their Chapter 13 case to a case under Chapter 7. The Chapmans had not contested the creditors' requests for relief from the automatic stay. They stated that their inability to pay was due to a reduction in Mrs. Chapman's overtime income and unanticipated but necessary changes in their personal living expenses. The U.S. Trustee filed a

motion to dismiss the Chapmans' bankruptcy case under 11 U.S.C. § 707(b) for abuse, relying on both §§ 707(b)(2) and (3). The bankruptcy court for the District of Minnesota denied the U.S. Trustee's motion to dismiss on the basis that § 707(b)(1) did not apply to a case that was commenced by the filing of a petition under Chapter 13 and converted to a case under Chapter 7 post-petition.

## Cruse

Maria Christina Cruse filed her petition for relief under Chapter 13 of the Bankruptcy Code. Less than a year after confirmation of her Chapter 13 plan and due to complications from surgery, Ms. Cruse quit working and began to receive short-term disability benefits. When the Chapter 13 trustee moved to dismiss Ms. Cruse's case because of her failure to make plan payments, Ms. Cruse converted her Chapter 13 case to a case under Chapter 7. After filing her Chapter 13 petition but before converting her case to one under Chapter 7, Ms. Cruse married a surgeon who earned a high income. The U.S. Trustee moved to dismiss Ms. Cruse's case under § 707(b) for abuse, citing grounds under §§ 707(b)(2) and (3). Like the court in Minnesota, the Iowa bankruptcy court denied the U.S. Trustee's motion to dismiss on the basis that § 707(b)(1) did not apply to a case that was commenced by the filing of a petition under Chapter 13 and converted to a case under Chapter 7 post-petition.

## STANDARD OF REVIEW

We review findings of fact for clear error and conclusions of law *de novo*. *Fokkena v. Draisey (In re Draisey)*, 395 B.R. 79, 80 (B.A.P. 8th Cir. 2008)(citation omitted). Issues of statutory construction are reviewed *de novo*. *Id.* (citations omitted).

## DISCUSSION

### Jurisdiction

As a threshold matter, we consider the Debtors' argument that we lack jurisdiction over these appeals because the bankruptcy courts' orders denying motions to dismiss under § 707(b)(1) are not final orders. In *Stuart v. Koch (In re Koch)*, 109 F.3d 1285, 1287-88 (8th Cir. 1997), the Eighth Circuit held that orders denying dismissal under § 707(b) are appealable. The Debtors ask us to disregard or overrule the *Koch* court's conclusion in favor of what they deem to be a better reasoned approach. We decline to do so because we are without authority to stray from or to overrule the clearly applicable precedent established by the Eighth Circuit.

### Applicability of § 707(b)(1) In Converted Cases

As a part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Congress amended the methods by which abusive bankruptcy filings are determined. Section 707(b)(1) sets forth the general rule that the court may dismiss or convert (with the debtor's consent) certain cases if it determines that the granting of relief would be abusive.

The court's determination of abuse may be made under either of the standards set forth under §§ 707(b)(2) and (3). Under § 707(b)(2), a presumption of abuse may arise "if the debtor's current monthly income reduced by a certain formula contained in § 707(b)(2)(A) is greater than an amount specified in that statutory section." *Draisey*, 395 B.R. at 81. "The presumption of abuse may only be rebutted by demonstrating special circumstances . . . ." 11 U.S.C. § 707(b)(2)(B)(i). This calculation called for in § 707(b)(2) is commonly referred to as the "means test." Under § 707(b)(3), when considering whether an abuse exists, the court "shall consider - (A) whether the debtor filed the petition in bad faith; or (B) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse." Sections 707(b)(2) and (3) each begin with the phrase "[i]n considering under

paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter." Accordingly, §§ 707(b)(2) and (3) cannot be utilized unless § 707(b)(1) is applicable. Lastly, a section of the Bankruptcy Code that was not amended by BAPCPA, § 707(a), provides that a case may be dismissed "for cause."

This appeal concerns whether § 707(b)(1) applies in cases converted from Chapter 13 to Chapter 7. To make this determination, we review the language in § 707(b)(1) as it was written by Congress. Section 707(b)(1) provides, in pertinent part, that:

> the court, . . . may dismiss a case *filed by an individual debtor under this chapter* [Chapter 7] whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter [Chapter 7].

11 U.S.C. § 707(b)(1)(emphasis added).

The question of whether § 707(b)(1) applies to cases converted from Chapter 13 to Chapter 7 has caused disagreement among the courts. *Compare In re Guarin*, No. 09-42294-JBR, 2009 WL 4500476, at *1 (Bankr. D. Mass. Dec. 3, 2009) (§ 707(b)(1) does not apply), *McDow v. Dudley (In re Dudley)*, 405 B.R. 790, 801 (Bankr. W.D. Va. 2009) (same), *In re Miller*, 381 B.R. 736, 741 (Bankr. W.D. Ark. 2008)(same), *In re Ryder*, No. 07-40192-EDJ, 2008 WL 3845246, at *1-2 (Bankr. N.D. Cal. Aug. 18, 2008) (same), *and In re Fox*, 370 B.R. 639, 648 (Bankr. D.N.J. 2007) (same), *with Justice v. Advanced Control Solutions, Inc.*, Civ. No. 07-5231, 2008 WL 4368668, at *4 (W.D. Ark. Sept. 22, 2008) (§ 707(b)(1) applies); *In re Kraft,* No. 09-21052, slip op. at *8-9 *(Bankr. D. Wyo. Aug. 13, 2010) (same); *In re Willis*, 408 B.R. 803, 810 (Bankr. W.D. Mo. 2009)(same); *In re Kellett*, 379 B.R. 332, 339 (Bankr. D. Or. 2007) (same); *In re Kerr*, Nos. 06-12302 and 06-12881, 2007 WL 2119291, at *3-4 (Bankr. W.D. Wash. July 18, 2007) (same), *and In re Perfetto*, 361 B.R. 27, 28 and 32 (Bankr. D.R.I. 2007) (same).

Each interpretation of the phrase "filed by an individual debtor under this chapter" in § 707(b)(1) requires a different type of reasoning. One such interpretation is that a case must be *filed* under Chapter 7, not converted to Chapter 7 after it was previously *filed* under Chapter 13, before that section and, thus, §§ 707(b)(2) and (3), apply. Section 707(b)(1) makes no reference to a case converted to Chapter 7. If Congress had wanted to refer to conversion in § 707(b)(1), it could have done so. *See Fox*, 370 B.R. at 643 (stating that "[t]he fact that [§ 707(b)(1)] provides for the dismissal *or conversion to chapter 13* or 11 where the court finds abuse is an indication that the drafters were contemplating the effect of conversion specifically in this subsection.").

Under a second interpretation, the word "filed" in § 707(b)(1) seems to be used to identify the type of debtor ("filed by an individual debtor"), rather than as a limitation of how the case arrived in Chapter 7. Further, limiting the abuse analysis only to individual debtors who originally "filed under" Chapter 7 would create a potential loophole for debtors to "abuse" the system by filing and failing under Chapter 13 in order to avoid the § 707(b) analysis upon conversion. Courts would be left with using "equitable powers" to curb such abuses.

In any event, based on the Eighth Circuit's decision in *Resendez v. Lindquist*, 691 F.2d 397 (8th Cir. 1982), we are compelled to determine that these cases, that were filed under Chapter 13 and later converted to Chapter 7, are considered to be "filed under" Chapter 7 for the purposes of § 707(b)(1). *Resendez* states that "[i]t is also established that when there is a conversion, the debtors are *deemed to have filed a Chapter 7 case at the time the Chapter 13 case was filed*." *Id*. at 399 (emphasis added).

In light of the fact that we find *Resendez* to be controlling on this issue, we do not need to address the other arguments put forth by the U.S. Trustee.

## CONCLUSION

Because we feel bound by the language used by the Eighth Circuit in *Resendez*, we REVERSE the decisions of the bankruptcy courts and remand the cases to the bankruptcy courts for determinations of dismissal under §§ 707(b)(2) and (3).

———————————