# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3168

_____

| | | |
|---|---|---|
| Advanced Control Solutions, Inc., | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Orin Bret Justice, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| Joyce Bradley Babin; William M. | * | |
| Clark, Jr., | * | |
| | * | |
| Trustees. | * | |

_____

Submitted: March 29, 2011
Filed: May 17, 2011

_____

Before RILEY, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Chapter 13 of the Bankruptcy Code permits an individual to discharge his debts if he "pays his creditors a portion of his monthly income in accordance with a court-approved plan." Ransom v. FIA Card Servs., N.A., 131 S. Ct. 716, 721 (2011). By contrast, Chapter 7 of the Bankruptcy Code permits an individual to discharge his debts "following the liquidation of [his] assets by a bankruptcy trustee, who then

distributes the proceeds to creditors." Marrama v. Citizens Bank of Mass., 549 U.S. 365, 367 (2007). In this case, Orin Justice ("Justice") initially filed for bankruptcy protection under Chapter 13. After one of his creditors, Advanced Controls Solutions, filed objections to Justice's Chapter 13 plan, Justice converted the case to a Chapter 7 proceeding. Following Justice's failure to rebut a presumption of abuse arising from the means test under 11 U.S.C. § 706(b)(2), the bankruptcy court[1] ordered him to convert his case back to a Chapter 13 proceeding or face dismissal of his case. Justice moved to convert his case to a Chapter 13 proceeding, and the bankruptcy court granted the motion over the objection of Advanced Control Solutions. Advanced Control Solutions appealed this decision to the district court,[2] arguing that 11 U.S.C. § 706(a) prevents a debtor from converting his Chapter 7 proceeding back to a Chapter 13 proceeding. The district court affirmed the bankruptcy court, and Advanced Control Solutions brought this appeal. We affirm.

On appeal, we sit as a second court of review in bankruptcy matters, reviewing interpretations of law de novo, factual findings by the bankruptcy court for clear error, and matters committed to the bankruptcy court's discretion for an abuse of discretion. See Ritchie Special Credit Invs., Ltd. v. U.S. Tr., 620 F.3d 847, 853 (8th Cir. 2010). A "bankruptcy court abuses its discretion when its decision relies upon a clearly erroneous finding of fact or fails to apply the proper legal standard." Id.

Pursuant to the plain language of 11 U.S.C. § 707(b)(1), a bankruptcy court has the discretion to either dismiss a Chapter 7 case or, with the consent of the debtor, convert it into proceedings under another Chapter, including Chapter 13, if granting relief under Chapter 7 would constitute an abuse of the Bankruptcy Code. See

[1]The Honorable Ben T. Barry, United States Bankruptcy Judge for the Western District of Arkansas.

[2]The Honorable Jimm L. Hendren, United States District Judge for the Western District of Arkansas.

Ransom, 131 S. Ct. at 722 n.1 ("If the debtor cannot rebut the presumption [of abuse], the court may dismiss the case or, with the debtor's consent, convert it into a Chapter 13 proceeding." (citing § 707(b)(1))). Section 707(b)(1) states in relevant part:

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, *or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title*, if it finds that the granting of relief would be an abuse of the provisions of this chapter.

(emphasis added). As we have previously indicated, § 707(b)(1) applies with equal force to bankruptcy proceedings that commenced under Chapter 7 as with those converted from Chapter 13. Fokkena v. Chapman (In re Chapman), ___ B.R. ___, 2011 WL 832552, at *3 (B.A.P. 8th Cir. Mar. 11, 2011) (citing Resendez v. Lindquist, 691 F.2d 397 (8th Cir. 1982)). Consequently, since Justice consented to the reconversion by filing a motion and since the district court deemed conversion proper because of the un-rebutted presumption of abuse, the district court did not abuse its discretion in converting Justice's bankruptcy proceeding back to a Chapter 13 case.[3]

Advanced Control Solutions argues to the contrary, asserting that § 707(b)(1) does not control because the section "does not provide the mechanism or means for conversion." According to Advanced Control Solutions, § 707(b)(1) lacks specificity and does not give a bankruptcy court the substantive authority to allow a debtor to convert his case back to a Chapter 13 proceeding. Instead, Advance Control Solutions

---

[3]The bankruptcy court and the district court also found that 11 U.S.C. § 706(c) permits a bankruptcy court to reconvert a Chapter 7 proceeding back to a Chapter 13 case. We need not consider this issue, but we note that other courts appear split on the matter. See In re Beckerman, 381 B.R. 841, 850–51 (Bankr. E.D. Mich. 2008) (collecting cases).

maintains that the more-specific provision in § 706(a) controls when a debtor may convert his case and, in this instance, prevents Justice from converting his case back to a Chapter 13 proceeding. We disagree.

Section 706(a) states in relevant part: "The debtor may convert a case under [Chapter 7] to a case under [C]hapter 11, 12, or 13 of this title at any time, if the case has not been converted" from any of those three Chapters. This section, thus, grants a debtor a limited right to have his bankruptcy proceeding converted to another chapter. Marrama, 549 U.S. at 373–74. In contrast, § 707(b)(1) grants a bankruptcy court the right to dismiss a case or, with a debtor's consent, convert the case to another chapter when abuse is shown. The two provisions speak to two different situations, and § 706(a) does not coopt the clear grant of authority that the plain language of § 707(b)(1) provides to bankruptcy courts. See Paracelsus Healthcare Corp. v. Philips Med. Sys., Nederland, B.V., 384 F.3d 492, 495 (8th Cir. 2004) ("If the statutory language is unambiguous, the court applies the plain language of the statute."). Here, the bankruptcy court acted pursuant to § 707(b)(1) by forcing Justice to either consent to a reconversion or face dismissal because of the un-rebutted presumption of abuse that arose in his case. We can find no error in this decision.[4]

Accordingly, we affirm the judgments of the district court and the bankruptcy court.

_____

---

[4]Advanced Control Solutions also argues that allowing a debtor to reconvert his bankruptcy case back to Chapter 13 under § 707(b)(1) would create the perverse result of giving a debtor, who is abusing the Chapter 7 Bankruptcy Code, more rights than an honest but unfortunate debtor, who would be limited by § 706(a). We disagree because § 707(b)(1) only provides more flexibility for the bankruptcy court to resolve a case once a debtor has been shown to be abusing the Bankruptcy Code.