# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2040

_____

In re: Matthew Richard Peet; Marilynn Louise Peet

*Debtor*s

------------------------------

Matthew Richard Peet; Marilynn Louise Peet

*Appellant*s

v.

James Kevin Checkett

*Appellee*

------------------------------

National Association of Consumer Bankruptcy Attorneys

*Amicus on Behalf of Appellant(s)*

National Association of Bankruptcy Trustees

*Amicus on Behalf of Appellee(s)*

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: February 10, 2016
Filed: April 27, 2016

_____

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Matthew Richard Peet and Marilynn Louise Peet held title to real property as joint tenants with Marilynn's parents. Marilynn and her father also owned a Ford pickup as joint tenants. The Peets filed for bankruptcy under Chapter 13, later converting to Chapter 7. *See* **11 U.S.C. § 1307(a)**. After the conversion, Marilynn's parents died. The Trustee then notified the Peets he intended to sell the real estate and pickup, maintaining that the right of survivorship made the bankruptcy estate the sole owner. Agreeing, the bankruptcy court ruled that the joint tenancies remained intact through creation of the bankruptcy estate and allowed the sale. The Bankruptcy Appellate Panel affirmed. *In re Peet*, 529 B.R. 718 (B.A.P. 8th Cir. 2015).

The Peets challenge the sale of the real property and pickup, arguing their joint tenancies became tenancies in common, with no right of survivorship. Thus, they claim, the death of Marilynn's parents did not change the estate's share of the property. This court sits as a "second court of review in bankruptcy matters," reviewing interpretations of law de novo and factual findings for clear error. *Advanced Control Solutions, Inc. v. Justice*, 639 F.3d 838, 840 (8th Cir. 2011). Having jurisdiction under 28 U.S.C. § 158(d)(1), this court affirms.

When the Peets filed for bankruptcy under Chapter 13, they owned a joint tenancy with right of survivorship in the real property, and Marilynn owned a joint tenancy with right of survivorship in the pickup. In Missouri, a joint tenancy is "based on the theory that the tenants share one undivided estate, with the distinctive

-2-

characteristic of the right of survivorship." ***Remax of Blue Springs v. Vajda & Co.***, 708 S.W.2d 804, 806 (Mo. App. 1986). The essential elements of a joint tenancy are the four unities of interest, title, time, and possession. ***In re Estate of Gerling***, 303 S.W.2d 915, 917 (Mo. 1957). Each joint tenant must have one and the same interest; the interests must be conveyed by the same title; the interests must commence at the same time; and each joint tenant has the right to possess the property. ***In re Robinson***, 791 S.W.2d 844, 848 (Mo. App. 1990). Severing any of the four unities destroys a joint tenancy. The remaining tenants become tenants in common, with no right of survivorship. ***Johnson v. Woodard***, 356 S.W.2d 526, 528 (Mo. App. 1962).

According to the Peets, filing bankruptcy severs the unities of time and title, turning joint tenancies into tenancies in common. The Peets rely heavily on an introductory sentence in a recent Supreme Court decision: "When a debtor files a Chapter 7 petition, his assets, with specified exemptions, are *immediately transferred* to a bankruptcy estate." ***Harris v. Viegelahn***, 135 S. Ct. 1829, 1835 (2015) (emphasis added). The Court was not presented with the issue here, and the descriptive sentence does not suggest that "immediately transferred" means a severance sufficient to destroy the unities of time and title.

Section 541 of the Bankruptcy Code states that filing a bankruptcy petition "creates an estate. . . . comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." **11 U.S.C. § 541(a)(1)**. This starkly contrasts with Section 541's predecessor—Section 70a of the Bankruptcy Act—which said that upon the filing of a bankruptcy petition, "the trustee . . . shall . . . be vested by operation of law with the title of the bankrupt. . . ." **Bankruptcy Act of 1898**, 30 Stat. 544, 565 at § 70(a). By eliminating the vesting language, Section 541 "eliminates any unnecessary, avoidable dependence on nonbankruptcy law." **5 Collier on Bankruptcy § 541.LH** at 541-135 (16th ed. 2016). Accordingly, state law determines only a debtor's legal interest in property up to the moment the bankruptcy petition is filed; state law does not limit the transferability of that interest

to the bankruptcy estate. *See id.* at 541-135-36 ("[U]nlike the requirement of the Section 70a(5) of the Bankruptcy Act, it is not necessary under the Code to further determine whether nonbankruptcy law permits the debtor to transfer the property. . . ."). *Cf.* ***Butner v. United States***, 440 U.S. 48, 54-55 (1979) (finding that the bankruptcy court was required to abide by a state law that—because of a pre-bankruptcy act—gave property rights to a mortgagee instead of the bankruptcy trustee).

Under Chapter 7, assets remain in the debtors' name until the trustee disposes of the property. *See* ***Maniez v. Citibank, F.S.B.***, 937 N.E.2d 237, 251 (Ill. App. 2010) (holding that in a Chapter 7 bankruptcy, a conveyance "does not occur until the trustee sells or otherwise disposes of the property and title passes"); ***In re DeMarco***, 114 B.R. 121, 127 (Bankr. N.D. W. Va. 1990) ("There must be some affirmative action taken by the trustee to break the unities of time, title, interest, and possession to destroy the joint tenancy."); ***In re Spain***, 55 B.R. 849, 854 (Bankr. N.D. Ala. 1985) ("The debtor does not transfer his title to 541 property of the estate but holds his title subject to the exercise by the trustee of his rights to sell, use or lease such property by appropriation. . . ."). *But see* ***In re Chadwick***, 113 B.R. 540, 543 (Bankr. W.D. Mo. 1990) (holding that filing bankruptcy severs a joint tenancy). Nothing in Missouri law suggests otherwise. *Cf.* ***Renard v. Butler***, 30 S.W.2d 608, 609 (Mo. 1930) (holding that trustees in bankruptcy are not "persons interested as joint tenants, tenants in common, or coparceners" under the state partition statute).

Because the bankruptcy estate included the joint tenancies, the Bankruptcy Appellate Panel did not err in affirming the sale of the real property and pickup.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____